Cottrell *v.* Griffiths.

COTTRELL    *v.*   ·GRIFFITHS.

(*Knoxville.*    November  23,   1901.)

1. PARTITION.   *Deed to husband and wife for wife's share.*

Where, in the partition of land, the share allotted to a married women is conveyed to herself and husband jointly, they hold, under such deed, the same relative interests in the portion allotted to her in severalty that they held, under the law, in her undivided interest in the land—no greater and no less.

2. DEED.   *Ineffectual delivery.*

The heirs of a married woman are not estopped to claim her land against the husband by the fact that it, being her allotment. in the partition of an estate, was, by mistake of the draftsmen and contrary to the wishes of the parties, conveyed to herself and husband jointly without consideration on the part of the husband. where the parties, expressing dissatisfaction with the deed, withheld it from record for further consideration and advice and retained it in this situation for over eight years, holding possession of the share allotted in the meantime.   There was no complete and unqualified delivery of the deed upon these facts.

FROM  KNOX.

Appeal   from   the   Chancery   Court   of   Knox County.   Jos.  W.  SNEED,  J.

GREEN & SHIELDS and DEARMOND & FORD for Cottrell.

WEBB, McCLUNG & BAKER and J. C. FORD for Griffiths.

SNODGRASS, C. J.   The question involved in this case is what is the legal effect of a partition deed executed by two tenants in common, to a third tenant, a married woman, where the deed includes the husband as joint grantee, though no agreement upon any consideration was made for such conveyance, or, in fact, made at all, but deed was executed under the following circumstances and upon the facts so showing, found by the Court of Chancery Appeals. Jesse Wells, the father of Mrs. Ford, Mrs. Cottrell and Mrs. Griffiths, was the owner of the land in controversy. He died, and it descended to these married ladies, as tenants in common. Mrs. Griffiths and Mrs. Ford conveyed to Mrs. Cottrell her share of the land, and, later, undertook to have the remainder of the land partitioned between them. A surveyor and Notary were employed to partition and draw deeds, to be executed by the parties, each to the other, for the shares so surveyed and partitioned. This was done, but in drawing the deeds without direction from the parties, and not in accord with their intention, the Notary named the husbands of the two married women as conveyees. The parties were all

dissatisfied with this form of conveyance, the husbands setting up no claim of right, or agreement upon any consideration, or without consideration, to have it done. The draughtsman was consulted, and he said the deeds conveyed no interests to the husbands as matter of law, but that he would insert a clause removing any supposed difficulty on this point, and thereon he interlined a clause showing that the deeds were in division of the lands of Jesse Wells, deceased (as already stated, the father of the married women attempting the partition).

This was not altogether satisfactory, but they agreed to keep the deeds from record until they could take advice and look further into the matter. The husbands and wives concurred in this, and so the matter ended. The deeds were taken and kept by each without registration, or further action, until four days after the death of Mrs. Griffiths, which occurred on the 16th of February, 1901. The deeds were dated and put in possession of the parties on the 4th of October, 1892.

There were no children born to Mr. and Mrs. Griffiths, and hence no estate by courtesy, if the partition vested no title, either as tenant by the entirety or tenant in common with his wife, in him. It was denied by the sisters of Mrs. Griffiths that any estate did so vest, and they insisted on their right to present possession of the land as heirs of their deceased sister. This claim

was not admitted, and thereupon, on the 14th of March, 1901, they filed the bill in this cause, in connection with their husbands, to assert their right, recover the land of Griffiths, and have his claim declared a cloud on their title thereto.

The answer denied their right and insisted that the deeds were delivered, or made without question, and all parties had held and claimed under them since their date to the filing of the bill.

The main contention in the proof was as to the delivery of the deeds. The Court of Chancery Appeals found upon the facts, hereinbefore stated, and others not necessary to more fully recite, that there was no complete, unqualified delivery which made the deeds take effect in favor of the husbands, as it was neither so intended nor understood by them, and that they, therefore, took no interest. The Court, therefore, did not pass upon the legal effect of the deeds, had they been, in fact, unqualifiedly delivered, and without other intent of operation than that which appeared on their face.

The assignment of errors raises the question that, upon the facts found, that such delivery must be legally presumed, and defendant held to be the owner, as survivor of his wife, the joint grantee, or, at least, to a one-half interest as tenant in common.

This question need not be discussed at length. While we are satisfied with the conclusion of the

Court of Chancery Appeals, that what occurred did not bind the conveyee, Mrs. Griffiths, to a release of her interest, in whole or in part, to her husband, yet we hold that such would not have been the effect of the deed had it been to the satisfaction of the parties and unqualifiedly delivered.

We think the proposition of law is soundly settled, in best reasoned cases, that partition by decree or deed between tenants in common, when they are married women, and the decree or deed includes husbands with their wives as decretal parties or joint conveyees, carries no other or more interest to the husband, than if such decree or partition deed had been made to the wife alone. Such decree or deed only adjusts the rights of the interested parties to the possession. It makes no new title or change in degree of title. Each does not take the allotment by purchase, but is as much seized of it by descent from the common ancestor as of the undivided share before partition. The deed of partition destroys the unity of possession, and henceforth each holds her share in severalty, but such deed confers no new title or additional estate in the land, or, we may add, less estate than that descended. The title being already in her, the deed merely designated her share by metes and bounds, and allotted it to be held in severalty.

*Whitsett* v. *Wammack* (Mo.), 59 S. W. Rep., 961, and authorities cited.

This being the law, it makes no difference whether deed of partition was made to Mr. and Mrs. Griffiths, or to her alone, or made to both or was in fact delivered, as the result would have been the same so far as the rights of both or either were concerned. The husband could, under such deed, take no more interest than he could under one made to his wife alone.

It follows that, in any event, the decree of the Court of Chancery Appeals, holding that complainants were entitled to the relief sought, is correct, and it is affirmed with cost.