LUCILLE H. GILLESPIE *v.* W. H. JACKSON *et al.*[*]

(*Nashville.*   December Term, 1925.)

1. **DOWER.** Homestead. Court of equity can decree portion of lands *in fee simple in lieu of homestead and dower where widow and adult heirs consent thereto, and it will be beneficial to minors* (Shannon's Ann. Code, sections 4139, 4141, 5054-5056, 5072).

Court of equity had jurisdiction to decree a portion of lands which widow was entitled to have allotted to her as homestead and dower under Shannon's Annotated Code, sections 4139, 4141, in fee simple in lieu of such homestead and dower, in view of sections 5054-5056, 5072, where she and adult heirs consented thereto, and it was to manifest interest of minors that it be done. (*Post, pp.* 157. 159.)

Cases cited and approved: Simpson v. Alexander, 46 Tenn., 619; Prichitt v. Kirkman, 2 Tenn., Ch., 390.

Code cited and construed: Secs. 5054, 5055, 5056, 5072 (S.).

2. **INFANTS,** Chancery court can make sale of lands of infants when it is to their manifest interest to do so (Shannon's Annotated Code, section 5072).

Chancery court has independently of Shannon's Annotated Code, section 5072, inherent jurisdiction to make, ratify, or consent to sale of lands of infants, when it is made to appear that it is to their manifest interest to do so. (*Post, pp.* 159, 160.)

Cases cited and approved: Ricardi v. Gaboury, 115 Tenn., 484; Holt v. Hamlin, 120 Tenn., 496; McConnell v. Bell, 121 Tenn., 198; Chickamauga Trust Co. v. Lonas, 139 Tenn., 228; Jordan v. Jordan, 145 Tenn., 378.

3. **PARTITION.**

"Partition" is a separation between joint owners or tenants in common of their respective interests in lands, and setting apart such

interests, so that they may enjoy and possess same in severalty. (*Post*, *p.* 160.)

Case cited and approved: Meacham v. Meacham, 91 Tenn., 532.

4. **PARTITION.**

Decree in partition does not create a new title, but merely destroys unity of possession between tenants in common, and henceforward each holds his share in severalty. (*Post*, *p.*—.)

5. **PARTITION.** Petition to have substituted for unassigned homestead and dower title in fee to portion of decedent's real estate held not to seek partition.

Petition seeking to have substituted for unassigned homestead and dower of widow title in fee to portion of real estate of decedent held not to seek partition within rule that life tenant may not have partition. (*Post*, *pp.* 160, 161.)

*Headnotes 1. Dower, 19 C. J., Section 287; Homesteads, 29 C. J., Section 530; 2. Infants, 31 C. J., Section 102; 3. Partition, 30 Cyc., p. 152; 4. Partition, 30 Cyc., p. 308; 5. Partition, 30 Cyc., p. 179.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Chancellor.

W. P. Cooper, for complainant.

L. R. Campbell, for C. A. Gillespie.

Alfred T. Adams, guardian *ad litem* for minor defendants.

Mr. Justice Hall delivered the opinion of the Court.

W. A. Gillespie, a resident of Davidson county, Tenn., died intestate on October 27, 1922, leaving his widow, Mrs. Lucille H. Gillespie, and the following named children as his only heirs at law: W. A. Gillespie, Susie Gillespie, Mamie Gillespie Jackson, Margaret Gillespie, Mildred Gillespie, and Elizabeth Gillespie. The three last named children are minors under the age of twenty-one years.

On November 4, 1922, the decedent's widow, Mrs. Lucille H. Gillespie, was duly qualified by the county court of Davidson county as administratrix of her deceased husband's estate, and duly suggested its insolvency in said county court.

The original bill in this cause was filed by Mrs. Gillespie, as administratrix of her deceased husband, on March 24, 1923, and in her own right, against the above-mentioned children, including W. A. Gillespie, the regular guardian of the minors, to remove said administration from the county court to the chancery court of Davidson county, and to have the same administered as an insolvent estate.

The bill alleged, among other things, that homestead and dower had not been allotted to complainant, and the bill prayed that homestead and dower be allotted to her out of the lands of her deceased husband.

On October 24, 1924, complainant, with leave of the court, filed an amended bill and petition in said cause, seeking to have the court ratify and confirm a proposition which she had made in writing to the court, by the terms of which she agreed to accept a certain portion of her deceased husband's real estate, in fee simple, in lieu of her homestead and dower rights.

In this amended bill and petition it was alleged that practically all of the personal property of her intestate, W. A. Gillespie, had been converted into cash under the orders and decrees of the court; that some vacant lots had been sold and the proceeds applied to the satisfaction of the indebtedness owing by said estate under the orders and decrees rendered by the court in said cause, but that homestead and dower had not been allotted to her as the widow of the said W. A. Gillespie, deceased.

The bill further alleged that the real property of the deceased consisted of quite a number of small dwelling houses and the large home place and farm; that the dwelling houses are scattered at various places in the Sixth civil district of Davidson county, in a suburb of Nashville known as Flat Rock; that said dwelling houses are of varying sizes and construction, and of varying values; that the allowance made complainant, as widow of the said W. A. Gillespie, deceased, for a year's support had been consumed by her, and that she is now in a position where she needs whatever she is entitled to from her deceased husband's estate for her support and maintenance; that negotiations have been in progress between all of the interested parties, including complainant, her attorneys, and the regular guardian of her minor children, with a view of determining what would be a proper allowance to her as homestead and dower out of the lands of her deceased husband, and with the view of reaching an agreement that certain of the dwelling houses should be allotted to her, in fee simple, in satisfaction of her homestead and dower rights, all parties believing that this would be to the best interest and advantage of the estate, and especially the minor children;

that these negotiations have been concluded by the petitioner signing a written agreement, by the terms of which she has agreed to accept certain dwelling houses and lots owned by her deceased husband, in fee simple, in full satisfaction of her homestead and dower rights, and all other rights which she may have in said estate, except certain claims which are set out in said written proposition. This written agreement, thus negotiated by the adult parties interested in said estate, and signed by complainant, is filed as Exhibit No. 1 to and is made a part of said amended bill and petition.

Said amended bill and petition further alleged that it would be detrimental to the best interests of the minor children if sales of the dwelling houses should be had for the purpose of allotting to her homestead and dower in the decedent's real estate, and complainant believes it would be the manifest interest and advantage of said minor children that her proposition should be accepted and ratified by the court; that complainant has been advised by her solicitors that the approximate amount which she proposes to accept, as shown in the written offer or proposition, is much less than the amount that she would be entitled to receive from said real estate as homestead and dower under the statute; that she has been advised by her attorneys that, in order for this proposition to be accepted and carried out, it must be submitted to the court for its satisfaction and approval; that she, therefore, alleges that it is to the manifest interest and advantage of all the parties interested in said estate that her written offer be accepted and ratified by the court.

The prayer of the amended bill and petition was appropriate to the averments thereof.

The minor defendants, through their guardian *ad litem,* demurred to this amended bill and petition, and for causes of demurrer they set up the following:

"(1) That this court is without authority to set aside to complainant, Lucille H. Gillespie, any portion of the lands of W. A. Gillespie, deceased, to her in fee simple, in lieu of dower, even though it be to the manifest interest of all parties.

"(2) That the amended bill and petition shows on its face that it is a proceeding to effect a partition, brought by a life tenant, and therefore cannot be maintained."

The demurrer was overruled by the chancellor; whereupon the guardian *ad litem* of the minor defendants answered said amended bill and petition, the minor defendants also answering said amended bill and petition in person, each of them being more than fourteen years of age.

On February 19, 1925, the cause was referred by the chancellor to the master to take proof and report, among other things, whether it would be to the manifest interest and advantage of the minor defendants, and all other parties interested, that the written offer of the complainant be accepted, whether it would be to the manifest interest and advantage of the minor defendants that complainant be vested with a fee-simple title to the real estate which she had offered to take in satisfaction of the homestead and dower rights, and whether it would be to the manifest interest and advantage of the minors that this offer should be ratified and confirmed by the court.

Proof was taken by the master, and he filed his report on July 3, 1925, reporting, among other things, that the

value of the real estate owned by W. A. Gillespie, deceased, was of the value of $97,200; that the value of the three pieces of property which the complainant had offered to take, in fee simple, in lieu of homestead and dower, were worth the total sum of $10,000; that she was forty years of age, in good health, and that the value of her expectancy in the estate that would be allotted to her as dower under the statute, computed by the Carlisle Mortality Table, would be $22,331.89; that her expectancy in the homestead estate, computed by the same table, would be $720.12, making the total amount of $23,-052.01; that, considering the value of the property which the complainant had proposed to accept, as compared with the value of her dower and homestead interests, as computed above, and the fact that all the adult defendants had agreed to accept such offer, as being to their manifest interest as tenants in common with the minors, and the disadvantage of selling the real estate to allot homestead and dower, the master reported that it would be to the manifest interest of the minors if the offer of complainant should be ratified and confirmed by the court, and the titles to the aforesaid three parcels of property, as described in the written offer of complainant, be divested and vested in complainant, in fee simple, in satisfaction of her homestead and dower interests.

This report, being unexcepted to, was in all things ratified and confirmed by the court, and the titles to said three parcels of real estate were divested and vested in complainant, in fee simple, in satisfaction of her homestead and dower interests.

From this decree the minor defendants, through their guardian *ad litem,* appealed to the court of appeals. That

court affirmed the decree of the chancellor, and the cause is now before this court upon the petition of the guardian *ad litem* for a writ of *certiorari,* and for review.

In the assignments of error filed in this court by the guardian *ad litem* it is insisted:

(1) That the court of appeals erred in not holding that the chancellor was without authority to set apart to complainant any portion of the lands of her deceased husband, in fee simple, in lieu of homestead and dower.

(2) That the court of appeals erred in not holding that the amended bill and petition showed on its face that it is a proceeding to effect a partition of the lands of W. A. Gillespie, deceased, by a life tenant, and cannot. therefore, be maintained.

Section 4139 of Shannon's Annotated Code provides as follows: "If any person die intestate, leaving a widow, she shall be entitled to a dower in one-third part of all the lands of which her husband died seized and possessed, or of which he was equitable owner."

Section 4141 reads: "This third part shall be and inure to her own proper use, benefit, and behoof, for and during the term of her natural life."

From these sections it will be seen that the law gives the widow a life estate in one-third part of all the lands of which her deceased husband dies seized and possessed.

The question, therefore, is: Can a court of equity decree a portion of the lands, which the widow is entitled to have allotted to her as homestead and dower, in fee simple, in lieu of such homestead and dower, she and the adult heirs consenting thereto, and it clearly appearing that it is to the manifest interest of the minors that this be done?

This question was expressly reserved by this court in *Simpson* v. *Alexander,* 6 Cold., 619. In that case the widow and several of the heirs at law, some of them being minors, filed a bill in the chancery court of Monroe county seeking to have partitioned the lands of the deceased, and also seeking to vest in the widow a fee-simple title to a portion of the property equivalent to a child's part, in lieu of dower. The court held that this was not authorized by statute. However, as before stated, the court expressly reserved the question as to whether a court of equity, under its general powers, may or may not assign to the widow any portion of the husband's land, in fee simple, in lieu of dower, where it is made to appear to be to the interest of the heirs that the same should be done.

It was held by Chancellor Cooper in *Prichitt* v. *Kirkman,* 2 Tenn. Ch., 390, that the value of the widow's dower may, with her consent, be set apart to her in lands, in fee simple, where it is made to appear that it is manifestly to the interest of the infant heirs that it should be done.

By section 5054 of Shannon's Annotated Code it is provided: "The court may, with the assent of the person entitled to an estate in dower, or by curtesy, or for life, to the whole or any part of the premises, who is a party to the proceedings, sell such estate with the rest."

By section 5055 it is provided: "If such person is incapable of giving assent, the court may determine, under all the circumstances, and taking into view the interest of all the parties, whether such estate ought to be excepted from the sale, or sold."

Section 5056 provides: "When such interest is sold, the value thereof may be ascertained and paid over in gross, or the proper proportion of the fund invested, and the income paid over to the party during the continuance of the estate."

Section 5072 provides: "The court of chancery may, for and on behalf of persons laboring under the disability of coverture and infancy, consent to and decree a sale of the property, real or personal, of such persons, under the provisions of this chapter."

The chancery court has, independent of the statute just above referred to, inherent jurisdiction to make, ratify, or consent to the sale of lands of infants when it is made to appear that it is to their manifest interest to do so. The inherent jurisdiction of the chancery court to deal with the estates of infants is very broad, and the leading cases on this subject are cited in *Ricardi v. Gaboury*, 89 S. W., 98, 115 Tenn., 484, in which case it is said that the theory upon which the court exercises its jurisdiction in all such cases is that the infant's real estate shall be so controlled by its decrees as to secure his best interest. It is unnecessary to review the cases on this subject. It suffices to say that we are of the opinion that the power and jurisdiction of the chancery court to grant the relief sought by the amended bill and petition filed in this cause, upon a sufficient showing by competent evidence that a grant of such relief would promote the best interest of the minor defendants, cannot be questioned. Therefore, it must be held that the court of appeals did not err in overruling the first assignment of error urged by the guardian *ad litem* on behalf of the minor defendants.

Now, coming to the second assignment of error, it has been held in a number of cases that the owner of a life estate in land is not entitled to maintain a bill against the owners in remainder or reversion for partition in kind, nor for a sale for partition. *Holt* v. *Hamlin,* 111 S. W., 241, 120 Tenn., 496; *McConnell* v. *Bell,* 114 S. W., 203, 121 Tenn., 198, 130 Am. St. Rep., 770; *Chickamauga Trust Co.* v. *Lonas,* 201 S. W., 777, 139 Tenn., 228, L. R. A., 1916D, 451; *Jordan* v. *Jordan,* 239 S. W., 423, 145 Tenn., 378.

However, in our opinion, the amended bill and petition in this cause does not seek a partition of land. A partition is a separation between joint owners or tenants in common of their respective interests in lands, and setting apart such interests, so that they may enjoy and possess the same in severalty. *Meacham* v. *Meacham,* 19 S. W.; 757, 91 Tenn., 532.

A decree in a partition case does not create any new title, but merely destroys the unity of possession between tenants in common, and henceforward each holds his share in severalty.

The amended bill and the petition in the present cause does not seek a decree which would destroy a unity of possession of the heirs of W. A. Gillespie, deceased, as tenants in common, but seeks to have substituted for the unassigned homestead and dower of the widow a title in fee to a portion of the real estate of said decedent, and thus create a new title in the widow. We are of the opinion, therefore, that the second assignment of error should be overruled.

It results that the writ will be denied.

The costs incident to filing the petition will be paid out of the funds of the estate now being administered under the orders of the chancery court.