HOLT *v.* HOLT *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed May 31, 1947.

(1)

C. L. BOYD, of Waynesboro, for appellant.

R. R. HAGGARD, of Waynesboro, for appellees.

MR. JUSTICE GAILOR delivered the opinion of the Court.

In the Chancery Court of Wayne County, the original bill in this case was filed by Mrs. Ara Holt, a widow, to establish her rights in a tract of 180 acres of land in Wayne County. She alleged that she owned as tenant by the entirety, one-half the tract, 90 acres, and that on account of the death of her husband intestate, she was entitled to dower in the other half of the tract.

The facts appearing from the bill to which a demurrer was filed, are these: H. D. Holt and Lon Holt, husband of complainant, were brothers and sons and heirs of Mrs. Calvin Holt, from whom they inherited a quarter interest in a 360 acre tract, of which the land here in controversy was a part. The two brothers purchased the interests of the other heirs of Mr. Calvin Holt, and so by inheritance of one-quarter and purchase of the other three-quarters, they became the owners in fee of undivided one-half interests in the entire tract. Then, as stated in the bill:

". . . they (H. D. Holt and Lon Holt) divided the original tract in kind, H. D. Holt acquiring the eastern part by deed of Lon Holt conveying his undivided one-half interest in same, and H D. Holt and wife conveyed his undivided one-half interest to the said Lon Holt and wife, the complainant, Ara Holt, as above stated."

To effect this division, as stated in the bill, the brothers exchanged deeds. H. D. Holt and his wife conveyed to Lon Holt and Ara Holt the 180 acre tract of land here in controversy, and Lon Holt having died intestate in 1946, his widow, Ara Holt, claims title as tenant by the entirety under the aforesaid deed from H. D. Holt and

wife, in one-half the tract owned by Lon Holt at the time of his death, and seeks an award of dower on the other half interest in that tract.

The defendants who are the brothers and sisters of Lon Holt, first answered the bill, but by leave of Court, withdrew the answer and filed a demurrer, which was sustained by the Chancellor. The complainant has perfected her appeal.

The assignments of error are as follows:

"The Court erred in dismissing Complainant's bill on demurrer, and in taxing her with all costs, on the ground that she had no such interest in the lands described in the bill as would support a bill for a partition of such lands.

"The Complainant, as surviving tenant by the entirety, took title to an undivided one-half interest in the lands described in the bill, under the deed from H. D. Holt and wife, filed as Exhibit No. 1 to the Original Bill, and was entitled to maintain her bill for a partition of such lands under that title."

■ ■ It is first necessary to determine what rights complainant took under the deed from H. D. Holt and wife, to Lon Holt and herself, since as a mere claimant of dower, complainant has no such rights as would entitle her to maintain a bill for partition. *Holt* v. *Hamlin,* 120 Tenn. 496, 111 S. W. 241; *McConnell* v. *Bell,* 121 Tenn. 198, 114 S. W. 203, 130 Am. St. Rep. 770; *Gillespie* v. *Jackson,* 153 Tenn. 150, 281 S. W. 929. The determinative question is, therefore, whether complainant had more than a mere dower right in the land. This depends on what interest she took under the deed from H. D. Holt and wife, to Lon Holt and herself. We think it clear that this deed was a mere deed of partition. It is so defined in the original bill by the use of the language,

"they (H. D. Holt and Lon Holt) divided the original tract in kind."

"A partition is not a sale. It is a separation, between joint owners or tenants in common, of their respective interests in land, and setting apart such interests so that they may enjoy and possess the same in severalty. Partition, when procured by one tenant in common *in invitum*, by judicial sentence, has never been treated as a sale or involving any of the elements of a sale." *Meacham* v. *Meacham*, 91 Tenn. 532, 535, 19 S. W. 757, 758.

This definition has been approved and recognized in many of our subsequent decisions. *Gillespie* v. *Jackson*, 153 Tenn. 150, 281 S. W. 929.

A voluntary deed of partition passes no title and creates no new estate. It merely effects a severance of possession, whereby an estate theretofore owned jointly, is thereafter owned in severalty. *Manhatten Savings Bank & Trust Co.* v. *Bedford*, 161 Tenn. 187, 197, 30 S. W. (2d) 227; 47 C. J., Partition, pp. 280, 281; *Devlin Deeds*, (3 Ed.), Vol. 1, sec. 15; Tiffany, Real Property, sec. 203, p. 700 (1920 Ed.).

Further, by the overwhelming weight of authority an attempt to create an estate by the entirety in a partition deed is covered by the general rule that such deed passes no title and creates no new estate.

"No estate by the entirety is created by deed in partition which, by direction of a coparcener, is made to himself and wife, for no title passes by a partition deed." Thompson, Real Property, sec. 1812; *Sprinkle* v. *Spainhour*, 149 N. C. 223, 62 S. E. 910, 25 L. R. A. (N. S.), 167; *Cottrell* v. *Griffiths*, 108 Tenn. 191, 65 S. W. 397, 57 L. R. A. 332; 91 Am. St. Rep. 748.

Our case of *Cottrell* v. *Griffiths*, *supra*, is an outstanding authority which has been the subject of annotation,

both in the American State Reports and in L. R. A., and is also cited and approved in all the text books and general authorities to which we have had access. The learned Chancellor based his opinion in sustaining the demurrer on that authority, and the principal effort of the appellant here has been to distinguish that authority from the facts of the present case. Briefly, the facts of *Cottrell* v. *Griffiths* were these: Three married sisters were the heirs of their father in a certain tract of land. The husband of Mrs. Griffiths had his name inserted in her deed of partition without the consent or knowledge of his wife. When the deeds were delivered to the three sisters by the draftsman the sisters were dissatisfied with the deeds as drawn, and although the draftsman then inserted in the deeds a provision that they were made in partition of the lands of the father, the sisters agreed that they would keep the deeds from record and this was done, the sisters holding the deeds from the 4th of October, 1892, until four days after the death of Mrs. Griffiths, which occurred the 16th of February, 1901. After Mrs. Griffiths' death, her husband recorded the deeds and set up his claim to her share of the land as tenant by the entirety. The sisters denied his claim and the bill was filed. The main question in the lower Courts was that of the delivery of the deeds and from the opinion by SNODGRASS, C. J., it appears that the Court of Chancery Appeals denied the claim of the husband on the ground that there had been no delivery. The Supreme Court approved this conclusion of the Court of Chancery Appeals, but in delivering its opinion, went much further and said:

"We think the proposition of law is soundly settled, in best-reasoned cases, that partition or partition deeds between tenants in common, when they are married women,

and the decree or deed includes husbands, with their wives, as decretal parties or joint conveyees, carry no other or more interest to the husband, than if such decree or partition deed had been made to the wife alone. Such decree or deed only adjusts the rights of the interested parties to the possession. It makes no new title, or change in degree of title. Each does not take the allotment by purchase, but is as much seized of it by descent from the common ancestor as of the undivided share before partition. The deed of partition destroys the unity of possession, and henceforth each holds her share in severalty; but such deed confers no new title or additional estate in the land, or, we may add, less estate than that descended. The title being already in her, the deed merely designated her share by metes and bounds, and allotted it to be held in severalty. *Whitsett* v. *Wammack*, [159] Mo. [14], 59 S. W. 961, [81 Am. St. Rep. 339], and authorities cited.

"This being the law, it makes no difference whether deed of partition was made to Mr. and Mrs. Griffiths, or to her alone, or, if made to both, was in fact delivered, as the result would have been the same, so far as the rights of both or either were concerned. The husband could, under such deed, take no more interest than he could under one made to his wife alone." *Cottrell* v. *Griffiths*, 108 Tenn. 191, 195, 196, 65 S. W. 397, 57 L. R. A. 332, 91 Am. St. Rep. 748.

Now, to distinguish the facts of the present case from the effect of that authority, it is insisted that Lon Holt, the husband here, intended by the partition deed, to create the tenancy by the entirety, and had his brother, H. D. Holt, insert the complainant's name as a joint grantee; that the husband received the deed and approved it, and himself carried it to the register's office and

had it recorded, and that this occurred eight and one-half years prior to his death. Our careful study of the authorities convinces us that these facts are not sufficient to create an exception to the general rule. It makes no difference whether the grantee, who is the real party in interest, brings it about that the name of his or her spouse be inserted in the deed with the intention of creating a tenancy by the entirety (*Bennett* v. *Hutchens, infra*), the rule is absolute that a deed of partition will not effect that purpose, for in deeds of partition between two or more coparceners, there is no unity save that of possession at the time of the release. To create an estate by the entirety, all four unities must coincide; these are: Unity of interest, of time, or title and of possession. *Bennett* v. *Hutchens,* 133 Tenn. 65, 179 S. W. 629, and cases there cited.

*Cottrell* v. *Griffiths, supra,* was decided largely on the authority of *Whitsett* v. *Wammack,* 159 Mo. 14, 59 S. W. 961, 81 Am. St. Rep. 339, and authorities there cited. One of the principal authorities for the Wammack decision, and cited therein, is the case of *Harrison* v. *Ray,* 108 N. C. 215, 12 S. E. 993, 11 L. R. A. 722, 23 Am. St. Rep. 57. In that case, the heirs divided the lands inherited by them from their father by deeds of partition without legal proceeding. The deed made to Oakley Harrison, one of the brothers, contained the name of his wife, Judah. After his death she claimed as tenant by the entirety, answering the contention that the deed was made to Harrison and wife jointly *by his direction,* the Court said:

"Suppose this to be so. The grantors were not conveying any additional estate or interest to Oakley Harrison. He had bought nothing, and they were not making him a present of anything. The deed only assigned

to him in severalty and by metes and bounds, what was already his. The grantors conveyed no part of their shares. They had no interest in the share embraced in the deed to Oakley Harrison, and could convey no interest therein to him or any one else. It was his by the conveyance from his father. He received no title nor estate by virtue of the deed from his brothers and sisters, nor could his wife. . . . His direction to the [other heirs] (if given) to convey to himself and wife could not have the effect to make the deed a conveyance of anything to his wife, when it was not such as to himself. . . . The title being already in him, the deed merely designated his share by metes and bounds, and allotted it to be held in severalty. No title passed by the deed, nor by any of the deeds." *Harrison* v. *Ray*, 108 N. C. 215, 12 S. E. 993, 994, 11 L. R. A. 722, 23 Am. St. Rep. 57, 58.

Excerpts from the case of *Harrison* v. *Ray, supra,* were made, and that decision approved by this Court in *Jones* v. *Jones*, 150 Tenn. 554, 562, 266 S. W. 110.

Finally, it is insisted by the appellant here, that since Lon Holt acquired by purchase from his brothers and sisters, a large part of the lands here involved, and since the complainant, by her labor in the fields and her practice of economy, made that acquisition possible, the rules of law laid down in the foregoing authorities do not apply to the present case.

It is stated in the deed from H. D. Holt and wife, to Lon Holt, and wife, that the 180 acre tract here involved is "the western portion of the tract of land conveyed to the undersigned H. D. Holt and the grantee herein, Lon Holt, by deed of Sarah Howell." Since, therefore, the land actually partitioned had been previously conveyed by Sarah Howell to her brothers, H. D. and Lon

Holt, with no mention of their wives, we must apply the rule that where there has been contribution by a spouse, but title taken in the name only of the other spouse, it will be presumed that a gift was intended. *Sprinkle* v. *Spainhour*, 149 N. C. 223, 62 S. E. 910, 25 L. R. A. (N. S.), 167; 47 C. J., Partition, secs. 36, 38.

The bill here is one for partition merely, and an essential basis for the relief sought is the establishment of complainant's rights as tenant by the entirety. As the Chancellor correctly held, there is no predicate laid in the bill for relief on the basis of a resulting trust. We do not suggest that there could be the basis for such relief on the facts in this case, but on account of our dissatisfaction with the result that we are bound to reach by application of established rules of law, we overrule the assignments of error and affirm the Chancellor's decree dismissing the bill, without prejudice to the complainant's rights under a theory not covered by the bill.

Affirmed.

All concur.