SALLIE E. SPROLES

*v.*

MATTIE KATE GRAY et al.

(*Knoxville,* September Term, 1956.)

Opinion filed December 7. 1956.

BANDY & LYLE, Kingsport, for petitioner.

DODSON & DODSON, Kingsport, for respondent.

Mr. Justice Tomlinson delivered the opinion of the Court.

Sallie Sproles sought by her Chancery Court bill filed in 1953 a decree adjudging her the sole owner of a described 16½ acre tract of land, and to have adjudged void two deeds of Mattie Sproles executed in 1950 and 1951, respectively, purporting to convey these tracts of land to persons made defendants to the bill. Sallie based her claim of ownership on the allegation that she was the sole heir at law of a deceased alleged brother, Oliver Sproles, who died about 1910. Oliver had been devised by the will of H. D. Sproles, probated in 1897, a described tract of 29½ acres of which the 16½ acre tract was a part.

Mattie, the widow of testator, dissented from his will, and was a life tenant by way of homestead and dower in this 16½ acre tract at the time she executed the afore-

mentioned deeds in 1950 and 1951. She died prior to the institution of this suit.

The Chancellor dismissed Sallie's bill on the ground that (1) dissents from Oliver's will made that will impossible of execution, (2) Sallie was guilty of laches in asserting her alleged rights, (3) she failed to carry the burden of showing that she is the sole surviving heir of her alleged brother, Oliver.

The Court of Appeals held to the contrary on each of these issues after a full discussion of the evidence and law applicable. As to these issues, this Court agrees with the Court of Appeals, but granted Sallie's petition for *certiorari* in order to further consider the Court of Appeals' holding that Sallie was not the sole owner of this 16½ acre tract, but owned instead only a 4/10ths or ½—as the case might be—undivided interest therein. This question arises as the result of a situation which is quite unusual, and with no case being found in our reports exactly like it.

The testator at the time of his death had the record title to a tract of 72 acres, and known in this record as the Elsom Tract. His will devised 29½ acres thereof to his nephew, Oliver, subject to a life estate devised his sister, Mrs. Perkins. The remainder of the 72 acres was devised to his daughter, Jo, subject to what may be termed a tenancy for years in the testator's widow, Mattie, the mother of Jo. Mrs. Perkins and this widow each declined to accept under the will. A result was that the widow, Mattie, was assigned the entire 72 acres as homestead and dower.

As a result of a bill in Chancery Mrs. Perkins obtained a decree in 1899 adjudging her to be the owner by way

of a resulting trust of "an undivided one-half interest in said tract of" 72 acres.

Thus it was that the testator owned in fact only a one-half undivided interest in the 29½ and 32 acre tracts devised to Oliver and Jo, respectively. Thus, each acquired by the testamentary devise a one-half undivided interest in the tract devised each, the remaining one-half undivided interest in each of the two tracts being owned by Mrs. Perkins. The law is that if a testator devises an entire fee in a tract of land when he owns in fact only a one-half undivided interest in that tract the result is that "the disposition to the extent of the testator's ownership is valid". 94 C.J.S., Wills, sec. 76, p. 784, and see *Crocker v. Crocker,* 11 Tenn. Appeals, 354, 358.

Ordinarily, Mrs. Perkins would have been required to seek partition in kind of the separate tracts in separate suits since Oliver owned no interest in the 32 acres devised Jo, and Jo owned no interest in the 29½ acres devised Oliver. 65 A.L.R. 893 et seq.

Had Mrs. Perkins instituted such separate partition in kind suits and successfully maintained each of them, there is no doubt but that the partition of the 29½ acres devised to Oliver would have resulted in ownership in severalty, and as an entirety by Mrs. Perkins, of the tracts therein allotted her, and Oliver would have owned in like manner and extent the remaining portion of the 29½ acres. And the same result would have followed as between Jo and Mrs. Perkins in the partition in kind of the tract devised Jo. *Holt v. Holt,* 185 Tenn. 1, 7, 202 S.W.2d 650, 173 A.L.R. 1210.

But after Mrs. Perkins had established her ownership of a one-half undivided interest in the entire 72 acres she was allowed in the same suit a partition in kind of

the 72 acres so as to set off to her in severalty one-half in value thereof, notwithstanding the fact that Jo owned no interest in one part of the 72 acres, and Oliver owned no interest in the other part of the 72 acres. She was permitted to do this by reason of the exception to the rule requiring separate suits where there is separate ownership of separate parts of a given tract. That exception "is one based on the universally accepted doctrine that one cotenant cannot, by a conveyance of his interest in a portion of the property held in common, etc., prejudice the rights of his cotenants. The grantee or successor of such a cotenant simply steps into the shoes of his grantor, subject to all the rights of the other cotenants." 65 A.L.R. 897, quoting from *Middecoff v. Cronise,* 155 Cal. 185, 100 P. 232, 234.

Thus, had the testator, H. D. Sproles, been living at the time of the partition of the 72 acres he would have been the owner in severalty of that portion of the 72 acres not allotted to Mrs. Perkins. Or, to narrow the illustration to the situation of this case, the testator, had he been living at the time of this partition, would have been the owner in severalty of that part of the 29½ acres not allotted Mrs. Perkins. And, of course, the same result would having followed as to the tract devised Jo. But, since the testator was then dead, Oliver, his successor, "simply steps into the shoes of his grantor", the testator, as to this 29½ acre tract. See the Cal. case, *supra.* And, of course, the same result followed as to the partition of the 32 acre tract devised Jo, she stepping into the shoes of her grantor, the testator.

■ The commissioners appointed to partition the 72 acre first divided it into four specific tracts. The 29½ acre tract devised Oliver was divided into Tract 1 of 13

acres and Tract 3 of 16½ acres. Tract No. 1 was assigned to Mrs. Perkins in severalty as 4/10ths "of value of her whole interest in the tract of" 72 acres. There remained of the 29½ acres devised to Oliver Tract 3, it being the 16½ acres in litigation here. Had the testator, Sproles, been living that 16½ acres would have belonged in severalty to him. But, having devised it to Oliver, and died, it follows, as heretofore pointed out, that Oliver "simply steps into the shoes of his grantor", the testator and becomes the owner in severalty of all right, title and interest in this tract of 16½ acres.

The Court of Appeals, in adjudging that the interest acquired by testamentary devisee, Oliver, by reason of the devise was not more than a one-half undivided interest in the 16½ acres said that Oliver and his successor in title thereto (Sallie) "must be limited to a claim to the title and interest owned by the testator in the 16½ acres" at the time of the testator's death. We think that Court has overlooked the fact that the testator owned not only a one-half undivided interest in the 29½ acres devised Oliver at the time of his death, and out of which came the 16½ acres upon a partition in kind, but that he, the testator, also owned the right in a partition in kind of this 29½ acres to have assigned to him in severalty that portion of the 29½ acres left, to-wit, the 16½ acres, after Mrs. Perkins had been assigned in severalty the other portion thereof by reason of, and in conclusion of, her ownership of a one-half undivided interest in this 29½ acres.

Mrs. Perkins was also allotted Tract 2 of 18.2 acres as 6/10ths in value of her whole interest in the 72 acre tract. Tracts 2 and 4 made up the 32 acre tract devised by the testator to Jo. This, of course, left Jo the owner in sev-

eralty of Tract 4 since she "simply steps into the shoes of his (her) grantor", the testator.

Since the title of Jo and her successor in title as to Tract 4 is not directly involved in this litigation, it might appear that the observations of this opinion with reference to that title in Tract 4 are gratuitous. But such is not the case.

■ The observations with reference to devisee Jo's title in Tract 4 are made in view of the fact that this is, in effect, a three cornered suit as to partition in kind and was maintained in Chancery, as is the present suit. The result obtained is not only in accordance with the law and sound on principle, as this Court views the question, but that result does equity in accordance with a practice declared proper in *Broyles v. Waddel,* 58 Tenn. 32, 41, as follows:

"In cases of partition, a court of equity, it is said, does not act merely in a ministerial character, but it founds itself upon its general jurisdiction as a court of equity, and administers its relief *ex equo et bono,* according to its own notion of general justice and equity between the parties. It will therefore, by its decree, adjust all the equitable rights of parties interested in the estate."

As in the present case, so in the Broyles case, *supra,* it was noted, at page 43, that:

"The facts of this case are peculiar. We have no case precisely like it, and it must rest upon the general principle that in such cases a court of equity does not act as a mere ministerial agent, but recurs to its own peculiar and flexible powers of administering its relief *ex equo et bono*—according to the rules of right

and its own notion of general justice between the parties.''

The latest case found in which this principle and practice was approved by our Courts is *Wilburn v. Kingsley,* 3 Tenn. App. 88, 101, *certiorari* there denied.

The decree of the Court of Appeals will be modified so as to adjudge Mrs. Sallie E. Sproles, the original complainant, the owner in fee and in severalty of all right, title and interest in and to the 16½ acre tract in question, and so as to declare void, and cancel as a cloud on her title, the deeds by which Mrs. Mattie Sproles purported to convey this 16½ acre tract to the respective defendants.