DORA JOHNSON, Appellant,

*v.*

MARGARET JOHNSON BEARD et al., Appellees.

(*Nashville,* December Term, 1959.)

Opinion filed February 5, 1960.

W. S. FLEMING, Columbia, for appellant.

THOMAS E. HUMPHREY, JR., Columbia, for appellees.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This appeal comes to us directly on a stipulation of facts.

The question for decision is what interest, if any, does the complainant, Dora Johnson, the second wife and surviving widow of T. E. Johnson, have in the lands hereinafter referred to.

Clarence E. Sowell died intestate prior to 1935 and was survived by 3 children, to-wit, James S., Maude R. and Laura Adelle Johnson (wife of T. E. Johnson). At the time of his death he was the owner of one tract of 130 acres and the owner of an undivided one-half of another tract of 62 acres, the other half of the 62 acres

being then owned by his son in law, T. E. Johnson. Thus each child, they being the only heirs, became the owner of one-third of the 130 acres and one-third of one-half of the 62 acres, i. e., one-sixth of the 62 acres.

August 30, 1935, the 3 children executed and placed of record simultaneously 3 deeds, by each of which there was conveyed and quit-claimed, without warranty, as follows:

    1. James S. and wife and Laura Adelle and husband, T. E. Johnson, to Maude R. of the 130 acres           55.79 acres;

    2. Laura Adelle and husband, T. E. Johnson, and Maude R. to James T. and wife of the 130 acres           47.93 acres;

    3. Maude R. and James T. and wife to T. E. Johnson and wife, Laura Adelle           97.87 acres,

composed of tract No. 1 of 35 acres more or less, the same being the remainder of the 130 acre tract, and tract No. 2 consisting of 62 acres. The boundaries of the 62 acres were not disturbed in any way.

Laura Adelle Johnson died intestate in 1942 leaving surviving her husband, T. E. Johnson, and 5 children, all of the defendants in this cause, as her only heirs at law and next of kin. Following the death of his wife, Adelle, T. E. Johnson was in complete and undisputed possession of both tracts, receiving all of the income from same up until the time of his death in 1958; during this time no adverse claim was made. By the third item of his will T. E. Johnson devised to his second wife, Dora Johnson, if she survived him, in fee simple all his real

and personal property of which he might die seized and possessed.

Dora Johnson filed the original bill for a sale for partition, insisting that by virtue of the above mentioned deed, No. 3, T. E. Johnson acquired an interest in the lands composing the estate of Clarence E. Sowell and that she became entitled thereto by virtue of the will of T. E. Johnson.

The Chancellor ruled adversely to her insistence in the following language:

"The Court is of opinion that the deed to the 62-acre tract was a part of the scheme of partition in kind among the heirs of Clarence E. Sowell. It is immaterial that T. E. Johnson owned an undivided one-half interest in the land. It results that T. E. Johnson acquired no title under the deed to him and his wife from Maude R. Sowell, James T. Sowell and wife, Ruth Sowell. This for the reason that a voluntary deed of partition passes no title and creates no new estate. It merely effects a severance of possession, whereby an estate theretofore owned jointly, is thereafter owned in severalty. *Holt v. Holt,* 185 Tenn. 1 [202 S.W.2d 650, 173 A.L.R. 1210].''

██ ██ We think that the case of *Holt v. Holt,* supra, answers every question urged in behalf of Dora Johnson. It is clear that the 3 above mentioned deeds constitute a scheme of partition of the estate of Clarence E. Sowell by his heirs. T. E. Johnson had no interest whatever in the estate of Clarence E. Sowell, except his right of curtesy in the lands allotted to his wife, provided he survived his wife, there having been children born alive during the coverture. It is settled that a voluntary deed of partition

passes no title and creates no new estate but merely effects a severance of possession, whereby an estate theretofore owned jointly, is thereafter owned in severalty. In this State it is a settled rule of property that an attempt to create an estate by the entirety in a partition deed passes no title and creates no new estate. *Holt v. Holt,* supra, 185 Tenn. 5 and 7, 202 S.W.2d 650. Those cases cited in the brief in behalf of complainant with regard to the principle of giving effect to the intention of the parties, especially *Runions v. Runions,* 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242, have no application to the question involved herein. The husband owned the fee and he evidenced a clear intent to create an estate of survivorship in his wife. On page 32 of 186 Tenn., on page 1019 of 207 S.W.2d, the Court said:

"This intention violates no rule of statute or common law. The right of survivorship may be annexed to an estate in common created by deed. * *"

Whereas, in the instant case the partition deed under the common law rule passed no title and could not create any new estate.

■ The Chancellor decreed accordingly that T. E. Johnson took no interest in the lands belonging to the estate of Clarence E. Sowell and that at the time of Johnson's death he was the owner of only the one-half undivided interest in the 62-acre tract, the other half of which was owned by Clarence E. Sowell at the time of his death.

The decree is affirmed with costs.