WILLIE HURT et al., Appellees-Complainants,

*v.*

MRS. MURLON BEASLEY MARTIN et al., Appellants-Defendants.

393 S.W.2d 1.

(*Nashville,* December Term, 1964.)

Opinion filed August 2, 1965.

C. W. MILES, III, PAUL G. HUDGINS, Union City, for Willie Hurt, and others.

HOOKER, KEEBLE, DODSON & HARRIS, Nashville, JOHN W. KELLEY, Nashville, of counsel, for Mrs. Murlon Beasley Martin, and others.

MR. JUSTICE DYER delivered the opinion of the Court.

This appeal comes to this court directly upon a stipulation of facts. The question for determination is what interest, if any, appellants-defendants have in the realty in controversy. For reasons discussed herein, we hold that they are possessed of no interest therein.

On August 20, 1883 one James Perry executed a warranty deed to Mrs. Harriet Hurt, John Hurt and Sarah Jane Hurt, conveying a tract of 154 acres of land located in Humphreys County, Tennessee. Mrs. Harriet Hurt was the mother of the other two grantees John and Sarah Jane Hurt. As a result of this conveyance each grantee became owner of a one-third undivided interest in the tract.

Some time subsequent to August 20, 1883 and prior to March 7, 1888 Mrs. Harriet Hurt died, intestate, leaving John and Sarah Jane Hurt as her sole heirs. Thus by operation of law, after Harriet Hurt's death, her children became owners of a one-half undivided interest each in the tract.

Subsequent to August 20, 1883 Sarah Jane Hurt married J. H. (Henry) Beasley, from which union a daughter was born alive during coverture. Both Sarah Jane Hurt Beasley and her daughter died shortly after March 12, 1888. J. H. Beasley continued to reside on the 77 acre tract (which had been partitioned by the co-tenants on March 7, 1888) until his death on October 23, 1962.

J. H. Beasley, after the death of Sarah Jane Hurt Beasley, his first wife, remarried, taking as his second wife one Lou Ella Miller.

The defendants named in the original bill are the children and only heirs at law of J. H. Beasley and his second wife while the complainants are the sole heirs at law of Harriet Hurt, John Hurt and Sarah Jane Hurt Beasley.

Suit was filed to secure a declaration of rights to the land in controversy. The Chancellor below held that complainants possessed a fee simple title.

As aforesaid, the 154 acre tract was made the subject of a partition deed executed on March 7, 1888, which in part provided that:

* * * [W]hereas by decent (*sic*) from Harriet Hurt * * * WE John Hurt, S. J. Beasley, Henry Beasley derived a title to and now hold equal and undivided title and interest in and to a certain piece * * * of land containing one hundred and fifty four acres * * * described as follows * * * [here follows description] * * *. *Now we having made partition* of said land, between ourselves have allotted the same in the following manner, the said John Hurt transfers and conveys to the said J. H. Beasley S. J. Beasley. TO HAVE AND TO HOLD in severally (*sic*) to themselves their heirs and assigns forever all his right estate title and interest to that part or portion of said land containing 77 acres * * * included in the following boundary * * * [here follows description by metes and bounds of the 77 acres] * * *. And the said John Hurt hereby covenants for himself, his heirs and representatives to warrant and forever defend the title to the portion of land so conveyed to J. H. Beasley S. J. Beasley their

heirs and assigns forever, against the claims of himself or any person under him (Emphasis added.)

(Then follows a like conveyance to John Hurt from J. H. and S. J. Beasley of the remaining 77 acres.)

Complainants' theory is that J. H. Beasley took only a marital life estate (curtesy) in this realty and that therefore his heirs by his second marriage take nothing. Defendants contend that via the partition deed, J. H. Beasley became a co-tenant by the entirety with his first wife Sarah Jane, and that upon her death he took the fee simple to the 77 acre tract under the right of survivorship.

There are but two assignments of error, to wit: (1) that the Chancellor erred in holding that the deed was a partition deed, and (2) that error was committed in holding that a partition deed does not create a new estate or pass title to the grantee named therein.

■ Assignment number one is without merit. In fact counsel conceded on oral argument the deed was in fact one of partition. Not only does it contain a description by metes and bounds of each 77 acre tract, it also expressly states it is a partition instrument (see the emphasized portion of the instrument above-quoted). Thus the first assignment is overruled.

■ Determinative of the second and final assignment is the answer to the following query: Does a partition deed pass title? Since *Cottrell v. Griffiths*, 108 Tenn. 191, 65 S.W. 397, 57 L.R.A. 332 (1901), it has been settled that a partition deed makes no new title or change in degree of title.

In Cottrell this Court said:

We think the proposition of law is soundly settled * * * that partition or partition deeds between tenants in common, when they are married women, and the decree or deed includes husbands, with their wives, as decretal parties or joint conveyees, carry no other or more interest to the husband than if such decree or partition deed had been made to the wife alone. Such decree or deed only adjusts the rights of the interested parties to the possession. It makes no new title, or change in degree of title. * * * The title being already in her, the deed merely designated her share by metes and bounds, and allotted it to be held in severalty. 108 Tenn. 195, 65 S.W. 397.

A myriad of cases are in accord, including: *Gillespie v. Jackson,* 153 Tenn. 150, 160, 281 S.W. 929 (1925); *Holt v. Holt,* 185 Tenn. 1, 5, 202 S.W.2d 650, 173 A.L.R. 1210 (1947); *Johnson v. Beard,* 206 Tenn. 171, 332 S.W. 2d 208 (1960); *Manhattan Savings Bank & Trust Co. v. Bedford,* 161 Tenn. 187, 197-98, 30 S.W.2d 227 (1930); *Roney v. Dyer,* 25 Tenn.App. 545, 549, 161 S.W.2d 640 (1939); and *Hughett v. Hughett,* 29 Tenn.App. 366, 374, 196 S.W.2d 720 (1946).

Counsel for defendants contend that to affirm the decree below would do violence to the expressed intention of the parties, citing *Runions v. Runions* 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242 (1948) and other cases. Particularly persuasive in this connection is *Johnson v. Beard,* supra, which stated:

In this State it is a settle rule of property that an attempt to create an estate by the entirety in a partition deed passes no title and creates no new estate. * * * Those cases cited in the brief in behalf of complainant with regard to the principle of giving effect

to the intention of the parties, especially *Runions v. Runions,* 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242, have no application to the question involved herein. The husband [in Runions] owned the fee and he evidenced a clear intent to create an estate of survivorship in his wife. On page 32 of 186 Tenn., on page 1019 of 207 S.W.2d, the Court said: 'This intention violates no rule of statute or common law. The right of survivorship may be annexed to an estate in common created by deed. * * *' Whereas, in the instant [Johnson] case the partition deed under the common law rule passed no title and could not create any new estate. 206 Tenn. at 175, 332 S.W.2d at 209.

To reverse this decision would overrule a principle of law settled and acted upon in this State for at least sixty four years. We cannot agree with counsel this decision has probably worked to defeat the intention of the parties since after the March 7, 1888 partition deed Sarah Jane Hurt Beasley could have, had she desired, conveyed an interest in the land to her husband through the circuitous straw man device. That a spouse can today convey directly to the other spouse absent the circuity of old (T.C.A. sec. 64-109) neither adds to nor detracts from the above rationale.

We are quite satisfied both on reason and law the decision of the Chancellor was eminently correct. Let the decree be affirmed. The Appellants to pay the costs.