RUNIONS *et al. v.* RUNIONS.

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

Mack C. Simpson, of Waverly, and Tyree B. Harris, III, of Nashville, for appellants.

J. E. Tubb, of Waverly, for appellee.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

Robert Runions acquired ownership of certain land in Humphreys County by deed dated September 30, 1944. He recorded this deed on July 16, 1945. On the same date he conveyed a one-half undivided interest in this land to his wife, appellant here, "her heirs and assigns". It was recorded on the same date. Immediately following the description and immediately preceding the *habendum* there appears in this deed to his wife this language: "It is intended to convey the property herein described so that we will hold the same as tenants by the entirety". Mr. Runions, the grantor husband, subsequently died and left surviving him his wife, the grantee in said deed, and a seven year old son, the child of a previous wife from whom he had been divorced. This son resided in Michigan, presumably with his mother. He is the sole defendant to the bill filed by appellants in this cause. The only purpose of this suit is to have judicially determined the extent of the ownership of the widow, Mrs. Runions, in this land by reason of this deed to her from her husband and the subsequent death of that husband.

The Chancellor held that the widow owned absolutely only a one-half undivided interest in this land and dower rights in the remaining one-half. Mrs. Runions appeals on the theory that by reason of said deed and of the fact that she survived her husband she is the absolute owner of this land. The question is raised by appropriate assignments of error.

██ ██ The old common law rule that a husband could not convey land to his wife has been modified in this State to the extent of authorizing and making valid conveyances of land from the husband to the wife. *Maclin* v. *Hay-*

*wood,* 90 Tenn. 195, 203, 16 S. W. 140; *Hicks* v. *Sprankle,* 149 Tenn. 310, 316, 257 S. W. 1044. However, the deed under consideration did not create a tenancy by the entirety between Mr. and Mrs. Runions, though they were husband and wife, since in the acquisition of their respective titles the four unities of interest, time, title and possession did not coincide. *Holt* v. *Holt,* 185 Tenn. 1, 202 S. W. 2d 650, 653, and cases there cited. Nor did this deed create the common law joint tenancy between Mr. and Mrs. Runions because these four unities did not coincide. *Bennett* v. *Hutchens,* 133 Tenn. 65, 70, 179 S. W. 629. It results that the deed from Mr. Runions to his wife created a tenancy in common between them since such a tenancy requires only unity of possession.

It is insisted for Mrs. Runions that by reason of the provisions of this deed, this tenancy in common between her and Mr. Runions had attached to it the right of survivorship and that, therefore, she is the absolute owner of this property as the survivor of the two.

This Court in *McLeroy* v. *McLeroy,* 163 Tenn. 124, 40 S. W. 2d 1027, 1028, while taking note of the fact that Code, Section 7604 converts a joint tenancy into a tenancy in common said this: "The authorities are practically unanimous in holding that such statutes in no wise abridge or prohibit the creation of an estate of survivorship by will or deed". This is stated to be a general rule in 4 Thompson on Real Property, section 1832 in the following language: "The right of survivorship is not an incident to an estate in common, but the right of survivorship may be annexed thereto, if the parties so intend." In the Maryland case of *Mitchell* v. *Frederick,* 166 Md. 42, 170 A. 733, 735, 92 A. L. R. 1416, the Court said: "Even a tenancy in common may have a right of survivorship attached to it if the grantor expresses an intention

that it shall be so." If an estate of survivorship by deed can be created, as this Court holds, and if a husband can effectively convey land to his wife, as this Court holds, then on principle no reason can be conceived why a grantor may not legally create an estate of survivorship in his wife just as effectively as he can in some other party.

It, therefore, becomes necessary to determine whether the deed here considered shows upon its face an intention upon the part of Mr. Runions to create the right of survivorship in his widow. If an estate of survivorship was created by this deed it must necessarily be because of the following language therein: "It is intended to convey the property herein described so that we will hold the same as tenants by the entirety". In the *Maryland case* of *Mitchell* v. *Frederick*, above referred to and quoted from, the Court said: "The intention to secure this incident (survivorship) by describing the estate as one by the entirety is with us clear beyond all question. Specifying tenancy by the entirety is the full equivalent of declaring in so many words that there shall be a right of survivorship". 166 Md. 42, 170 A. 737, 92 A. L. R. Page 1418. Logically, the conclusion thus stated by this Court is inevitable, and makes it an inescapable fact that Mr. Runions in placing this provision in the deed under consideration did so for the very purpose of creating the right of survivorship to the whole of this property in his wife if he predeceased her. The language could have no other meaning.

The question in this case is, therefore, reduced to the proposition of whether this intention upon the part of the grantor to create this right of survivorship in his widow can be given effect. In *Hicks* v. *Sprankle, supra,* this Court referring to a deed there under consideration

said: ''While not good as a conveyance of the estate by entirety, under recognized rules of construction the conveyance should operate, as nearly as possible, to produce the effect intended by the parties''. Page 315 of 149 Tenn., page 1045 of 257 S. W. The rule just stated is in accord with the ordinary dictates of justice and consistent with the fundamental truth that so long as the intention of the grantor is lawful, he should not ''be deprived of freedom to convey'' so much of his real estate as he pleases to his wife.

Keeping in mind the fact that the rule in this State as declared by this Court in *McLeroy* v. *McLeroy, supra,* is that the right of survivorship may be created by deed, and being mindful of this Court's mandate to give effect, in so far as it can legally be done, to the intentions of the grantor as reflected upon the face of the deed (*Hicks* v. *Sprankle, supra*), there seems to be no escape from the conclusion that Mrs. Runions having survived her husband, the grantor, must be adjudged the sole owner of this real estate, since the deed executed by the owner of that real estate clearly and undisputably reflects that intention, in the event she survived him.

In so far as we have been able to ascertain, the exact question seems to have been considered by very few of our Courts. A New York decision, *In re Farrand's Estate,* 126 Misc. 590, 214 N. Y. S. 793, adjudges the widow in such a situation to be the sole owner of the property. This decision, however, does not appear to be that of its Court of last resort and is evidently predicated upon a statute. A case exactly similar in facts arose in Michigan in 1911 and that Court of last resort held that the widow took only a one-half undivided interest. *Pegg* v. *Pegg,* 165 Mich. 228, 130 N. W. 617, 33 L. R. A., N. S., 166, Ann. Cas. 1912C, 925. The *Oregon case* of *Dutton* v. *Buckley,* de-

cided in 1926 and reported in 116 Or. 661, 242 P. 626, 628, on facts which under the controlling law became the same as the controlling facts in this case, adjudged the widow to be the sole owner of the real estate. In that case the Court said: "A conveyance by him to himself and wife, nothing else being shown, while it would be sufficient as to her, could only operate as a reservation of an interest as to himself. In the construction of the deed, the courts, if possible, will give effect of the intent of the parties, and a deed will not be so construed as to render it a nullity. The evident intention of the parties to this deed was to create such an estate in the land that the survivor would take the whole estate in fee, and it does not matter whether we call it an estate by the entireties, or a remainder in fee to the party who should survive; the effect of Dutton's deed being to convey a one-half interest in the estate and a remainder in the other half in case of his death". In the *New Hampshire case* of *Burns* v. *Nolette*, decided in 1929, the Court was dealing with the question of the right to survivorship of a bank account. 83 N. H. 489, 144 A. 848, 67 A. L. R. page 1051. So, while that case differs to that extent from the instant case, the principle seems to be the same and this statement of the Court is very appropriate here: "The rights arising out of such a transaction as this are analogous to a joint tenancy, but are not to be so denominated because certain features of such an estate are lacking. *Marble* v. *Treasurer*, 245 Mass. [504] 505, 139 N. E. 442. It is not important that the interest created has no well-settled legal name. *New Jersey Title Guarantee & T. Co.* v. *Archibald*, 91 N. J. Eq. 82, 108 A. 434. It is enough that it was intended to be created, and that it violates no rule of statute or common law. . . . While the right is not so incident to an estate in common, it may nevertheless be annexed thereto. All that is required is

that the intent to create it be expressed." 83 N. H. 489, 144 A. 852, 67 A. L. R. page 1057.

The intention of Mr. Runions to create this estate of survivorship is clearly established by the provision which he inserted in the deed that he and his wife were to hold the land "as tenants by the entirety". This intention violates no rule of statute or common law. The right of survivorship may be annexed to an estate in common created by deed. Since, "under recognized rules of construction the conveyance should operate, as nearly as possible, to produce the effect intended by the parties" as shown upon the face of the deed, we accordingly hold both on principle and on the authorities referred to that by reason of this deed and by reason of the fact that Mrs. Runions survived her husband she became the sole owner of the property described in that deed. The decree of the Chancellor holding to the contrary is reversed.

The question of adjudging costs is a matter within the reasonable discretion of the Court. This proceeding was had for the benefit of these appellants. They should pay all costs in all Courts. The appointment of a guardian *ad litem* to represent the infant was necessary in order that appellant's ownership of this land might be determined. There is no one other than these appellants, for whose benefit these proceedings were had, to pay this guardian *ad litem* fee for services of which they received the benefit. It is ordered that this fee be treated as a part of the costs adjudged against the appellants and the cause is remanded for the ascertaining by proper preceedings as to the amount of this compensation. A lien is declared upon the land in question for the payment of all costs, including the reasonable compensation of the guardian *ad litem*.

Reversed and remanded.

All concur.