**Nellie Alberta Gupton HARRIS, Plaintiff-Appellant-Appellee,**

v.

**Jawana Sue Gupton BITTIKOFER and the unknown and unborn heirs of Jawana Sue Gupton Bittikofer, Defendants-Appellees-Appellants.**

Supreme Court of Tennessee.

Feb. 27, 1978.

Walter S. Clark, Jr., Nashville, for plaintiff-appellant-appellee.

Charles Watson Cross, Nashville, for defendants-appellees-appellants.

## OPINION

FONES, Justice.

This second appeal involves the fee awarded to the guardian ad litem, Charles Watson Cross, by the trial court following our decision on the first appeal, and his attempt to collect it by an execution sale of the real property devised by testatrix, Angie H. Gupton, deceased. His wards were and are the unborn heirs of Jawana Sue Gupton Bittikofer, granddaughter of testatrix.

This case originated as a suit for construction of a provision in the will of Angie H. Gupton devising real estate. The trial court held that the will vested in plaintiff, Nellie Gupton Harris, daughter of testatrix, a life estate with remainder to testatrix's granddaughter, Jawana Sue Gupton Bittikofer, or her heirs.

On the first appeal to this court, we held that plaintiff took a life estate with alternate contingent remainders, first to plaintiff's issue, if any, in fee simple, and second, should plaintiff die without issue, survived by her husband, to Jawana Sue Gupton Bittikofer, in fee simple, but if not survived by her husband, the property would revert to the estate of testatrix, Angie H. Gupton. *Harris v. Bittikofer*, 541 S.W.2d 372 (Tenn. 1976).

On 31 August, 1976, subsequent to release of this Court's opinion on 9 August, 1976, the guardian ad litem filed a motion in the trial court for the award of a fee for "successfully" representing his wards in the appellate court and for an order directing an execution sale of the "sole estate assets, consisting of real estate" to satisfy his claim for fees in the trial and appellate courts. No process was issued, but the motion contains a certificate of service of the motion on Walter S. Clark, attorney for plaintiff, Nellie Gupton Harris.

An order was entered on 14 September, 1976, reciting that the motion was heard on 8 September, 1976, and decreeing as follows:

". . . that the guardian ad litem is awarded a total fee for trial and appellate work of $1,700.00, that the fee is hereby taxed as costs to be divided one-half to the plaintiff and one-half to the defendants, that the fee shall be a lien upon the estate property, and that the property shall be sold, for which execution may issue, in order that said fee be paid."

On October 14, 1976, a fieri facias issued commanding the sheriff of Davidson County to levy upon the goods, chattels, lands and tenements of the "Estate of Angie Heflin Gupton". The sheriff returned the writ, showing levy upon the "real property described within, publishing in Nash. Record three consecutive weeks—public sale on the steps of courthouse Friday, November 19, 12 noon."

On November 19, 1976, the trial judge signed an order wherein it was noted that "a Sheriff's sale of the real property of the estate of Angie Gupton having been held" and ordered the court costs, sheriffs commissions and advertising expense totaling $246.45 and the guardian ad litem fee of $1,700.00 be paid, and any remaining proceeds, "to become a part of the said estate." The real property sold for $1,975.00, so that these proceedings to compensate the guardian ad litem resulted in net proceeds to the "estate" of $28.55. The interest of the unborn heirs, represented by the guardian ad litem, had been determined by this court to be a remainder following a life estate, contingent upon first, Nellie Gupton Harris dying without issue, second, predeceasing her husband, and third their mother, Jawana Sue Gupton Bittikofer, predeceasing them.

Pursuant to motion of Plaintiff, relying upon Rule 60.02(3) T.R.C.P., filed January 7,

1977, the trial court held that the portion of his order of September 14, 1976, that fixed a lien upon the "estate" property and authorized an execution sale was coram non judice and void and the execution sale was set aside. The September order was further modified by taxing the entire $1,700.00 guardian ad litem fee to plaintiff, Nellie Gupton Harris, and directing that upon her payment thereof, the clerk and master refund to the purchaser the amount he had paid into Court.

In his memorandum opinion the trial judge based the invalidity of the lien and sale upon the rationale that the estate of Angie H. Gupton was not a party to the will construction suit, noting that her will was probated May 5, 1960, and final settlement of her estate occurred on August 21, 1961; further that the real property owned by testatrix at her death was not "included" in the will construction suit, nor any disposition of the realty sought.

■ The lien and sale were void for several reasons; the most obvious is the principle that a contingent remainder interest is not subject to execution and sale by a judgment creditor. *First National Bank v. Pointer*, 174 Tenn. 472, 126 S.W.2d 335 (1939); *Nichols v. Guthrie*, 109 Tenn. 535, 73 S.W. 107 (1903).

The trial judge correctly relied upon Rule 60.02(3) Tennessee Rules of Civil Procedure as authority to set aside the void judgment and sale.

Plaintiff questioned the propriety of assessing the guardian ad litem's fee to plaintiff. The trial judge noted that this Court taxed the costs of the first appeal to plaintiff and concluded that to be authority for taxing the guardian ad litem fee to plaintiff. We disagree. Our adjudication on the prior appeal was limited to the court costs involved in the appeal and no consideration whatever was given to the propriety of awarding guardian ad litem fees, or which of the parties should bear the burden of said fees.

Prior to *Runions et al v. Runions*, 186 Tenn. 25, 207 S.W.2d 1016 (1948), the case of *Patton v. Dixon*, 105 Tenn. 97, 58 S.W. 299 (1900), controlled the awarding of attorney's fees in circumstances analogous to the instant case; that is, a guardian ad litem's fee could only be assessed against his ward and his ward's estate or interest in a fund in Court and could not be imposed upon other parties to the litigation. See Gibson's Suits in Chancery, 5th ed. § 1251 and cases cited.

In *Runions v. Runions, supra*, the Court without citing any authority whatever or referring to *Patton v. Dixon, supra*, awarded a guardian ad litem's fee against the successful party rather than the ward, and declared a lien upon the land involved in the suit.

In *Butler v. Parker*, 200 Tenn. 603, 293 S.W.2d 174 (1956), Mr. Justice Burnett, writing for the Court, reached the conclusion that Chapter 107, Public Acts of 1917, codified as § 20–1621, authorizes guardians ad litem fees to be adjudged between the litigants as the equities of the case demand. He further opined that the Court in *Runions* had based its adjudication of the guardian ad litem's fee on said code section although no reference to same can be found in *Runions*.

The purpose of the *Runions* case was to judicially determine the interest of Robert Runions' widow in real estate resulting from his conveyance to her of an undivided one-half interest by a deed containing language of intent to create a tenancy by the entirety. The Court concluded that the proceedings were for her benefit and taxed the costs, including the guardian ad litem's fee to the widow.

In *Butler v. Parker, supra*, the original complainant and appellant had purchased realty at a bankruptcy sale, subject to all liens, taxes, encumbrances, exemptions, claims, etc., for a nominal sum and sought to establish a clear fee simple title. Though unsuccessful in doing so, the Court concluded that the litigation was entirely for the benefit of the complainants.

■ The language of the will in this case reasonably requires litigation for the mutu-

**818**

al benefit of all beneficiaries, parties to this suit. In our opinion it is improper to assess all of the costs against the life tenant. We think the first adjudication by the trial court adjudging the costs one-half against plaintiff and one-half against the defendants, some of whom will acquire a vested remainder interest, was correct. We therefore set aside the adjudication of all the costs to the plaintiff and direct that upon remand and redetermination of the fee it will be taxed one-half against plaintiff and one-half against the interests of all contingent remaindermen. A lien will be declared upon the remainder interests only, but its enforcement must await the vesting of those interests. The one-half adjudged against plaintiff may be enforced by execution only against the goods, chattels, or realty other than her life interest in this property.

On the face of the record before us, the amount of fee awarded the guardian ad litem reflects an abuse of discretion. One of the principles that must predominate when a court is called upon to adjudicate compensation for legal services rendered by solicitors and guardians ad litem is that the fee must not be out of proportion to the value of the property involved in the litigation. It is intolerable to allow the property that is the subject of litigation to be devoured by attorney's fees. In addition, we have examined the record and briefs on the first appeal and are able to reasonably assess the legal services performed by the guardian ad litem. No evidence whatever was adduced in the case, a single pleading, one page in length, was filed in the trial court, and a fourteen (14) page brief in this Court. We are of the opinion that the fee awarded was excessive, disregarding the limiting factor of the amount of his ward's interest.

The decree of the trial court in voiding and setting aside the sale of the realty is affirmed; the adjudication of a $1,700.00 fee imposed upon plaintiff is reversed and set aside. Upon remand the Court will award a reasonable fee for the legal services rendered in the trial court and the appellate court on the first appeal only, giving due consideration to our observations in this opinion and declare a lien in accordance with the directions hereinabove stated. In addition, prompt orders should be issued requiring the payment into court of the appropriate sums by Charles Watson Cross and the plaintiff, necessary to refund to the purchaser the $1,700.00 fee heretofore collected by Cross from the proceeds of the sale. Costs of this appeal are assessed one-half to plaintiff and one-half to Charles Watson Cross.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.