Joe Phillip PORTER and Barbara M. Porter, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 83–5240.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 24, 1984.

Decided June 29, 1984.

---

See also, 563 F.Supp. 408.

Thomas E. Settles, argued, Nashville, Tenn., for plaintiffs-appellants.

Joe Brown, U.S. Atty., Nashville, Tenn., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Michael L. Paup, Chief, Appellate Section, Kenneth Greene,

argued, Washington, D.C., for defendant-appellee.

Before EDWARDS and CONTIE, Circuit Judges, and SPIEGEL, District Judge.*

PER CURIAM.

This is a tax refund case to which, as appellants point out, the District Judge gave rather short shrift. Appellants' problem, however, both before the District Judge and this Court, is more the nature of his claim than judicial impatience.

Summary judgment was granted to the defendant Internal Revenue Service on appellants' claim for a tax refund of $4,522, based on a charitable contribution of real property. In 1973, Porter had purchased 6.96 acres of land as tenant-in-common with Jim Griffin for a total price of approximately $15,000. On December 29, 1976, Griffin sold his interest to Porter for $7,514. The following day, Porter conveyed four acres as a charitable contribution to Cumberland College. On advice of tax counsel, Porter then claimed an itemized charitable deduction of $23,634 for the market value of the four acres.

The Commissioner limited Porter's deduction to the claimed fair market value of two of the four acres, plus the taxpayer's basis in the remaining two acres. Porter paid the resulting deficiency and filed a claim for a refund which was denied. Porter then sued for refund in the United States District Court, claiming that he should be able to deduct the fair market value of 3.48 acres, half of the original parcel, which he had effectively owned in full since 1973. The District Judge granted summary judgment to the IRS, holding that Porter only held the four acres outright for one day.

The Internal Revenue Code only allows a taxpayer to deduct the fair market value of gift property that has been held for more than six months. Appellant held

---

* Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

full title to the property for only one day. *See* § 1.170A–1(c)(1) of the Treasury Regulations on Income Tax (1954 Code) (26 C.F.R.).

The Internal Revenue Code provides:

SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS.

\* \* \* \* \* \*

(e) [as amended by Sec. 201(a)(1), Tax Reform Act of 1969, Pub.L. No. 91–172, 83 Stat. 487] *Certain Contributions of Ordinary Income and Capital Gain Property.—*

(1) *General rule.—*The amount of any charitable contribution of property otherwise taken into account under this section shall be reduced by the sum of—

(A) the amount of gain which would not have been long-term capital gain if the property contributed had been sold by the taxpayer at its fair market value (determined at the time of such contribution). 26 U.S.C. § 170(e)(1)(A) (1976).

Under this regulation taxpayer is entitled to deduct the fair market value of the four acres, less that amount of gain which would not have been long-term capital gain if the land had been sold. 26 U.S.C. § 1222(3), as it was in effect during 1976, provided that to qualify for long-term capital gain the subject property must have been held for six months.

In the instant case, since taxpayer contributed a particular four acres out of the entire tract, it cannot be said that all of the specific property donated was acquired by taxpayer either at the original purchase in 1973, or when taxpayer purchased his cotenant's interest on December 29, 1976. Taxpayer had acquired two different undivided one-half interests in the property at each purchase. Accordingly, one-half of the gift, or two acres, is considered to have come from the interest in the tract acquired in 1973 and the remaining two acres are considered to have been acquired on December 29, 1976, only one day prior to the donation.

Taxpayer argues that as a tenant-in-common he owns something more than an undivided one-half interest in the land under Tennessee law. Instead, he claims he owned a fee simple interest in half the tract and, further, that since he purchased the remaining half of the tract, he can arbitrarily choose which acres he owned from his original purchase and which he purchased from his cotenant.

■ Tennessee law, however, is clear. Tennessee's case law holds that a tenant-in-common owns an undivided interest in the land and nothing more. *See Runions v. Runions,* 186 Tenn. 25, 207 S.W.2d 1016 (1948); *Myers v. Comer,* 144 Tenn. 475, 234 S.W. 325 (1921), and *McKee v. Bevins,* 138 Tenn. 249, 197 S.W. 563 (1917).

The judgment of the District Court is affirmed.