IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 30, 2000 Session

## CLEMMYE MULLENIX BERGER v. BRENDA O'BRIEN, ET AL. v. SYLVIA GALASSI BERGER, ET AL.

An Appeal from the Chancery Court for Shelby County
No. 103618-3     D.J. Alissandratos, Chancellor

No. W1999-00861-COA-R3-CV - Filed July 11, 2001

This case involves the settlement of an estate. After the estate was settled, the trial court assessed a portion of the fees and expenses of the guardian ad litem and the attorney ad litem as costs against an intervening defendant and beneficiary of the estate. The intervening defendant appealed the assessment of these expenses to this Court. On appeal, we affirm the decision of the trial court, finding that the trial court was within its discretion to assess a portion of the fees and expenses of the guardian ad litem and attorney ad litem against the intervening defendant as discretionary costs.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Michael F. Pleasants, Memphis, Tennessee, for the appellant, Morris Jack Berger, Sr.

Louis R. Lucas, Carl Langschmidt, Jr., Parke S. P. Morris, Memphis, Tennessee, for the appellees, Brenda O'Brien, Executrix of the Estate of Louis Jack Berger, Pancho's Management, Inc., Pancho's Mexican Foods, Inc., Harold Walter, Guardian Ad Litem, and Patrick Ardis, Attorney Ad Litem.

Richard M. Carter, Memphis, Tennessee, for the appellee, Sylvia Galassi Berger, Natural Guardian and Testamentary Trustee of Bianca Berger.

Stevan L. Black, Vickie Hardy Jones, Memphis, Tennessee, for the appellee, Sylvia Berger, in her individual capacity.

### OPINION

This estate case has a long and somewhat convoluted history. The decedent, Louis Jack Berger ("Decedent"), died on June 19, 1993. His will was admitted to probate in Shelby County Probate Court on June 23, 1993. Pursuant to the will, Brenda Berger O'Brien, the Decedent's sister, was named Executrix of the Decedent's estate. The estate's largest asset was the Decedent's stock

in Pancho's Mexican Restaurants, Inc. ("Pancho's"). His will divided the stock as follows: 47.5% to his daughter, Bianca Berger; 20% to his son, Morris Jack Berger, Sr.; 5% to his grandson, Morris Jack Berger, Jr.; and 27.5% to his sister, Brenda O'Brien ("Executrix").

On December 23, 1993, Sylvia Galassi Berger, the Decedent's former wife and the mother of the Decedent's daughter, Bianca Berger, filed a claim against the estate for continuing alimony pursuant to a marital dissolution agreement executed prior to the Decedent's death. The Executrix filed an exception to Sylvia Berger's claim. On March 16, 1994, Morris Jack Berger, Sr. and Sylvia Berger jointly filed a petition to remove Brenda O'Brien as Executrix of the estate. After eight days of hearings, on November 22, 1994, the Probate Court entered an order denying their petition, and Brenda O'Brien remained Executrix of the estate. On October 3, 1997, the Probate Court rendered a decision in favor of Sylvia Berger on her claim for alimony, awarding her $383,212.80.

Meanwhile, on December 3, 1993, another lawsuit was filed against the estate in Shelby County Chancery Court. The lawsuit was filed by Clemmye Mullenix Berger[1], founder of Pancho's and the mother of Decedent and Executrix. This lawsuit alleged that Decedent had fraudulently induced his mother into transferring her Pancho's stock to him before his death. Sylvia Berger and Morris Jack Berger, Sr. intervened in this lawsuit as defendants. On August 7, 1995, the Chancery Court appointed a guardian ad item to represent the interests of the Decedent's minor daughter, Bianca Berger, and it appointed an attorney ad litem to assist the guardian ad litem. In February 1997, after consultation between the Probate and Chancery Courts, it was agreed that the Chancery Court should assume jurisdiction over the settlement of the Decedent's estate. Orders were issued permitting the Chancery Court to sit as a probate court by interchange.

Settling the estate proved difficult. While the estate had considerable assets, there were not sufficient liquid assets to pay the claims against the estate. The estate had over $900,000 in claims against it, including Sylvia Berger's claim for alimony, federal and state taxes, and child support for Bianca Berger. In January 1997, the Guardian Ad Litem proposed an initial plan to settle the estate. The parties negotiated, and the Chancery Court held hearings on the proposed settlement in March 1997 and in May 1998. These proceedings culminated in a plan providing that the estate would sell 51% of the stock in Pancho's to a limited liability company, Berger Family, LLC, for $450,000. The Berger Family, LLC agreed to assume certain liabilities of the estate, including the payment of Sylvia Berger's claim, child support payments for Bianca Berger, and federal and state taxes. The Berger Family, LLC is comprised of some members of the Berger family but does not include Morris Jack Berger, Sr. On June 10, 1998, the Chancery Court entered an order approving the plan, over the objections of Morris Jack Berger, Sr. Morris Jack Berger, Sr. then appealed the settlement of the estate to this Court.

After approval of the settlement plan, the Guardian Ad Litem and Attorney Ad Litem filed a motion in Chancery Court seeking to assess a portion of their fees and expenses against Appellant,

---

[1]On January 10, 2000, Clemmye Mullenix Berger's attorney filed notice with this Court that she had died. To date, no party has been substituted for her in this appeal.

Morris Jack Berger, Sr. It is undisputed that the Guardian Ad Litem had fees and expenses totaling $108,752.53, which included the fees of the Attorney Ad Litem. Sylvia Berger, Clemmye Berger, and Pancho's agreed to pay $98,800.00, leaving a balance of $9,952.53. The Guardian Ad Litem and Attorney Ad Litem asserted that the participation in the proceedings of Appellant Morris Jack Berger, Sr., seeking to remove Brenda O'Brien as Executrix and opposing the settlement plan, necessitated much of the fees and expenses they incurred.

After a hearing, the Chancery Court ruled that Appellant Morris Jack Berger, Sr. should be required to pay $9,952.53 toward the fees and expenses of the Guardian Ad Litem and the Attorney Ad Litem. In oral remarks from the bench, later incorporated into a written ruling, the Chancellor stated:

> Litigation by its very nature has a cost, an economic cost. The question before the Court is, when one has a matter in controversy that they are a party to, and a ward of the Court is involved, whether that ward be a person who is mentally incompetent or whether it be a person who is a minor, the question then comes, can the Court lawfully dispose of a ward's interest without having that ward represented, and the answer is no.

> Is that not only for the benefit of the ward but also for the benefit of the other litigants, yes, because unless someone has a valid, enforceable final decree, whether it be in their favor or not, there is no final resolution of their dispute such that it would not be subject to attack. . . .

> In this particular instance, this was not merely litigation. It was purely consoled for the benefit of this ward's estate. This affected every single person in that family. The family members very vigorously participated in this matter during the numerous proceedings before this Court. . . .

> [I]s it unreasonable that someone who is perhaps against their will the defendant but nevertheless affected by the litigation and ultimately the beneficiary of the finality of that litigation, therefore, the certainty that they don't have to face it all over again in some fashion. Is it unreasonable that they bear some sort of reasonable prorated expense? The Court cannot say that it finds that that's unreasonable.

On July 19, 1999, Appellant Morris Jack Berger, Sr., appealed the Chancery Court's order assessing $9,952.53 of the Guardian Ad Litem's fees and expenses against him. This appeal was consolidated with the earlier appeal of the settlement of the estate. After oral argument, the parties informed this Court that the issues under the first appeal had been settled, and Appellant Morris Jack Berger, Sr. agreed to dismiss that appeal. On April 11, 2001, the appeals were separated and the second appeal was reinstated. Therefore, this opinion will address only issues relating to the

assessment of $9,952.53 in fees and expenses of the Guardian Ad Litem and Attorney Ad Litem against Appellant Morris Jack Berger, Sr.

On appeal, the Appellant argues that a trial court may assess attorney's fees and expenses against an opposing party only under limited circumstances. He argues that there is a strong public policy against awarding attorney's fees and expenses unless there is a statute, contract, or a recognized ground of equity supporting such an award.

An award of costs and expenses is within the discretion of the trial court. *See Long v. Long*, 957 S.W.2d 825, 833-834 (Tenn. Ct. App. 1997). On appeal, the trial court's decision to award costs will be reversed only if the trial court abused that discretion. *See id.* Rule 17.03 of the Tennessee Rules of Civil Procedure permits the trial court, in its discretion, to tax the fees of a guardian ad litem as costs. Rule 54.04 of the Tennessee Rules of Civil Procedure states that "allowable" discretionary costs include "reasonable and necessary . . . guardian ad litem fees. . . ." This authorization has been interpreted to include the fees of an attorney ad litem as well. *Cf. Brown v. Brown*, No. 02A01-9709-CV-00228, 1998 WL 760935, at *9 and n.6 (Tenn. Ct. App. Nov. 2, 1998) (holding that the trial court was within its discretion to assess Guardian Ad Litem and Attorney Ad Litem fees as costs rather than as child support).

Appellant cites *Runions v. Runions*, 207 S.W.2d 1016, 1019 (Tenn. 1948), for the proposition that an award of guardian ad litem fees should be allowed only if the proceeding resulted in a benefit to the party against whom the fees are assessed and if there are insufficient funds in the minor's estate to pay the costs of the guardian ad litem. In *Runions*, the Court taxed as costs the fee for a guardian ad litem appointed to represent the interests of a seven year old boy in a suit to judicially determine the extent of his ownership in a parcel of land once held by his deceased father. *Runions*, 207 S.W.2d at 1019. The Tennessee Supreme Court ruled in favor of the boy's step-mother, holding that the father intended to create a right of survivorship in the step-mother. *Id.* The Court noted that the appointment of a guardian ad litem was essential to resolving the ownership of the land:

> The appointment of a guardian ad litem to represent the infant was necessary in order that appellants' ownership of this land might be determined. There is no one other than these appellants, for whose benefit these proceedings were had, to pay this guardian ad litem fee for services of which they received the benefit.

*Id.* Appellant Morris Jack Berger argues that, under *Runions*, he should not be required to pay the guardian ad litem fees because he was not a party to the settlement of the estate approved by the Chancery Court and because there are sufficient funds in Bianca Berger's share of the estate to pay the fees of the Guardian Ad Litem and the Attorney Ad Litem.

However, *Runions* states clearly that the assessment of costs such as the fees of a guardian ad litem and an attorney ad litem "is a matter within the reasonable discretion of the Court." *Id.* In this case, it was undisputed that appointment of the Guardian Ad Litem as well as the Attorney Ad

Litem was necessary to protect the interests of the minor Bianca Berger and thus necessary for resolution of the estate. It was also undisputed that the Guardian Ad Litem had $108,752.53 in fees and expenses, including the fees of the Attorney Ad Litem. The fees for the Attorney Ad Litem represent a portion of the Guardian Ad Litem's expenses,[2] and it was within the trial court's discretion to assess those fees as part of the Guardian Ad Litem's expenses. Under these circumstances, we find no abuse of discretion in the Chancellor's decision to assess $9,952.53 of the Guardian Ad Litem's fees and expenses against Appellant Morris Jack Berger, Sr.

The Appellees, the Guardian Ad Litem and Attorney Ad Litem, assert that this appeal is frivolous, and seek an award of attorney's fees on appeal. This request is denied.

The decision of the trial court is affirmed. Costs are taxed to Appellant, Morris Jack Berger, Sr., and his surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

---

[2]Appellant Morris Jack Berger, Sr. argues that the assessment against him of a portion of the fees and expenses of the Attorney Ad Litem should be reviewed as an award of attorney's fees, normally awarded only if authorized by statute, by contract, or pursuant to a recognized ground of equity. *See John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998); *Pullman Standard, Inc. v. Abex Corp.*, 693 S.W.2d 336, 338 (Tenn. 1985). However, this standard would be inapplicable to the circumstances in this case, in which the fees of the Attorney Ad Litem are in reality a portion of the expenses of the Guardian Ad Litem, awardable as discretionary costs under Rules 17.03 and 54.04 of the Tennessee Rules of Civil Procedure.