# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 13, 2011

## RICHARD RHODEN v. DONALD D. RHODEN

**An Appeal from the Circuit Court for Chester County**
**No. 10-CV-22      Roger A. Page, Judge**

_____

**No. W2010-00263-COA-R3-CV - Filed September 29, 2011**

_____

This is an action for unlawful detainer. The property at issue was deeded to the plaintiff and his father "as tenants in common with the right of survivorship." For a time, the father, the plaintiff, and the plaintiff's brother all lived together on the property. The father died intestate. After the father's death, the plaintiff asked his brother to leave the property, and the brother refused. The plaintiff then filed this action against his brother for unlawful detainer, claiming that he was the sole owner of the property after their father's death based on his right of survivorship. After a bench trial, the trial court agreed and held in favor of the plaintiff. The brother now appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Affirmed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

John E. Talbott, Henderson, Tennessee, for the Defendant/Appellant, Donald D. Rhoden

Lloyd R. Tatum, Henderson, Tennessee, for the Plaintiff/Appellee, Richard Rhoden

# MEMORANDUM OPINION[1]

On August 31, 1992, Eleanor H. Reed sold approximately twenty-six acres of land located at 360 Proctor Road, Henderson, Tennessee, to Clarence Rhoden ("Father") and his son, Plaintiff/Appellee Richard Rhoden ("Richard"). The warranty deed transferred the property to Father and Richard "as tenants in common with the right of survivorship."

It appears from the record that Father, Richard, and Father's other son, Defendant/Appellant Donald R. Rhoden ("Donald"), all lived together on the subject property.[2] Subsequently, Father died.[3] After Father's death, Donald continued to live on the property. On March 1, 2010, Richard asked Donald to leave the property, and Donald refused.

On April 12, 2010, Richard filed this unlawful detainer action against Donald in the General Sessions Court of Chester County, Tennessee.[4] The detainer summons alleged that Donald was in wrongful possession of the property after having been given proper notice to vacate. The General Sessions Court dismissed the matter without prejudice, stating that it was filed in the wrong court.

On August 9, 2010, Richard appealed the General Sessions dismissal to the Circuit Court of Chester County. On November 15, 2010, the Circuit Court conducted a bench trial in the matter. Neither a transcript nor a statement of the evidence at the trial is included in the appellate record.

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]In his appellate brief, Donald describes other circumstances allegedly involved in this case. As there is neither a transcript nor a statement of the evidence at trial, our recitation of the facts is confined to those set forth in the technical record.

[3]Donald's brief indicates that Father died on May 10, 2008, but this fact is not supported by documentation in the record.

[4]"Unlawful detainer is where the defendant enters by contract, either as tenant or as assignee of a tenant, or as personal representative of a tenant, or as subtenant, or by collusion with a tenant and, in either case, willfully and without force, holds over the possession from the landlord, or the assignee of the remainder or reversion." T.C.A. § 29-18-104 (2000).

On December 28, 2010, the trial court entered an order finding in favor of Richard. Relying on *Runions v. Runions*, 207 S.W.2d 1016 (Tenn. 1948), the trial court concluded that "while the right of survivorship is not an incident to an estate in common, the right of survivorship may be annexed thereto, if the parties so intend." Citing the "explicit language at the beginning of the deed," the trial court found that the deed evidenced an intention to create a right of survivorship in the surviving tenant, Richard. Based on the deed, the trial court held that Richard was "the lawful owner of said real property as the surviving tenant." It awarded sole possession of the subject property to Richard. From this order, Donald now appeals. On February 22, 2011, Donald filed a notice that no transcript or statement of the evidence was to be filed with this Court.

On appeal, Donald raises several issues. In the absence of a transcript or statement of the evidence, we are confined to address only issues that can be determined by reference to the technical record. *See Sanders v. Sanders*, No. M1998-00978-COA-R3-CV, 2001 WL 1660715, at *4 (Tenn. Ct. App. Dec. 28, 2001). Donald raises two such issues. First, he argues that the trial court erred in holding that a right of survivorship may be created in a tenancy in common. Second, he argues that the warranty deed in this case is ambiguous, and that it must be interpreted against the granting of the right of survivorship.[5]

In interpreting a deed, our primary purpose is to determine the grantor's intent. *Cellco P'ship v. Shelby County*, 172 S.W.3d 574, 586-87 (Tenn. Ct. App. 2005). The grantor's intent is ascertained "from the words of the deed as a whole and from the surrounding circumstances." *Griffis v. Davidson County Metro. Gov't*, 164 S.W.3d 267, 274 (Tenn. 2005). It is "the duty of the court to construe a deed, if possible, to give effect to its several parts and avoid rejecting any of its provisions, the presumption being that the parties intended every part of the deed to have some meaning." *Quarles v. Arthur*, 231 S.W.2d 589, 590 (Tenn. Ct. App. 1950). As noted above, the interpretation of a deed is purely a question of law. *Mitchell v. Chance*, 149 S.W.3d 40, 45 (Tenn. Ct. App. 2004).

Donald first argues that, even though the deed in this case states expressly that it grants the property to Father and Richard "as tenants in common with the right of survivorship," this language cannot create a right of survivorship because "no survivorship [is] possible in a tenancy in common." He claims that a grantor can specify that the grant is *either* a "tenancy

_____

[5]Donald also argues that the personal intent of the grantor, Ms. Reed, was to not grant any specific type of estate to Father and Richard. This, however, is a factual issue. Without a transcript or a statement of the evidence, we find no evidence in the record of the relationship between these parties other than as stated in this Opinion. Therefore, the record is insufficient for us to consider this argument on appeal. *See State v. Ballard*, 855 S.W.2d 557, 561 (Tenn. 1993) ("Absent the necessary relevant material in the record an appellate court cannot consider the merits of an issue.").

in common" *or* a joint tenancy "with the right of survivorship," but a "tenancy in common with a right of survivorship" is a type of property ownership that does not exist under Tennessee law. Therefore, Donald maintains that the deed in the case should be interpreted to grant the property to Father and Richard simply as "tenants in common," ignoring the reference in the deed to a right of survivorship.

Respectfully, we disagree. To be sure, a reference in a deed to a "tenancy in common" does not in and of itself indicate the grantor's intent to create a right of survivorship in the grantee.[6]  In ***Runions***, however, our Supreme Court quoted with approval from a Maryland case that held: "Even a tenancy in common may have a right of survivorship attached to it if the grantor expresses an intention that it shall be so."  ***Runions***, 207 S.W.2d at 1017 (quoting ***Mitchell v. Frederick***, 170 A. 733 (Md. 1934)).  The ***Runions*** Court held that, where language in the deed expresses an intention to create a right of survivorship, such a conveyance is valid, because "[t]he right of survivorship may be annexed to an estate in common created by deed." ***Id.*** at 1019.  In the case at bar, the warranty deed explicitly grants to Father and Richard ownership "as tenants in common with the right of survivorship."

Donald argues that other language in the deed makes the nature of the grant ambiguous. He cites to language in the deed that appears after the technical description of the property:

> TO HAVE AND TO HOLD the same to the said CLARENCE A. RHODEN and RICHARD RHODEN, and their heirs, forever, I covenant with said CLARENCE A. RHODEN and RICHARD RHODEN, that I am lawfully seized of said land, have a good right to convey the same, and that the foregoing real property is unencumbered . . . ."

Because this paragraph states that the property is conveyed to Father and Richard "and *their* heirs," Donald argues, the language is inconsistent with the grant of a right of survivorship at the beginning of the deed.  Again, we must respectfully disagree.  The paragraph cited by Donald in support of this argument is a formal declaration by the grantor that she holds and is able to convey clear title to the grantees, and this is not inconsistent with her explicit grant of the property to Father and Richard as tenants in common with a right of survivorship. Rather, it simply warrants to those who may hold title to the property after Father and Richard that she conveyed good title on the date of the warranty deed.  Therefore, we

---

[6]In fact, a joint tenancy, without explicit language indicating to the contrary, does not carry with it a right of survivorship. ***See Jones v. Jones***, 206 S.W.2d 801, 803 (Tenn. 1947) (recognizing that a joint tenancy does not include a right of survivorship, and that "[s]urvivorship must now result from the terms of the grant rather than by operation of law").

disagree with Donald's assertion that the language quoted above creates an ambiguity in the nature of the grant.

Accordingly, we agree with the trial court's holding that, after Father's death, Richard had a right of survivorship and became the sole owner of the property. We likewise agree with the trial court's holding that Richard is entitled to sole possession of the subject property.

Richard argues that Donald's appeal of the trial court's order was frivolous, and that he is entitled to his costs, attorney fees, and other just damages as a consequence of this appeal, pursuant to Tennessee Code Annotated § 27-1-122.[7] An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success. *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998). We exercise our discretion under Section 27-1-122 "sparingly so as not to discourage legitimate appeals." *Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006). In this case, we must conclude that this appeal had no reasonable chance of success, and that it was taken solely for delay so as to justify an award of damages against Donald for filing a frivolous appeal. Therefore, we remand this case to the trial court for an award of damages in favor of Richard in the amount of reasonable attorney fees and expenses incurred in defending this appeal.

The decision of the trial court is affirmed, and the cause is remanded for further proceedings consistent with this Opinion. Costs of appeal are to be taxed to Appellant Donald D. Rhoden and his surety, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[7]That statute provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

T.C.A. § 27-1-122 (2000).