Miss Margaret Peebles, Petitioner,

*v.*

Mrs. Gertrude Cooper Peebles et al., Respondents.

443 S.W.2d 469

(*Jackson*, April Term, 1969.)

Opinion filed July 2, 1969.

Taylor & Keeton, Huntingdon, for petitioner.

Peeler & Hollis, Camden, for respondents.

MR. JUSTICE DYER delivered the opinion of the Court.

This cause comes to this Court by the grant of certiorari. The sole issue on this appeal is the nature of the estate created by the following item in the Last Will and Testament of Mary Rachel Watson, deceased:

I will, devise and bequeath unto my brother, L. T. Peebles and my sister, Margaret Peebles, jointly and equally all the estate, property and effects, both real and personal, of which I may die the owner, including any insurance that at that time, be in existence upon my life.

In case of the death of either of the above-named devisees or legatees I will and direct that the survivor of them shall take the one-half of which the deceased may

be the owner at the time of the death of the one so dying.

This Will executed on February 4, 1939, was duly admitted to probate on February 1, 1958, upon the death of the testatrix on December 31, 1957. The devisees, L. N. Peebles and sister, Margaret Peebles, went into posession of this property holding same as devised by the Will until the death of L. N. Peebles, intestate, on December 9, 1958. L. N. Peebles was survived by his widow, Mrs. Gertrude Peebles and one child, Mary Lynn Peebles Odle, respondents in this Court, who contend under the terms of the Will the property was devised to L. N. Peebles and Margaret Peebles, as tenants in common, and that Mary Lynn Peebles Odle takes, by inheritance, her father's interest subject to the rights of his widow. Margaret Peebles, petitioner in this Court, contends the Will created in this property a right of survivorship between her and her brother, L. N. Peebles, and that she as surviving devisee would take her brother's interest in the property. Thus the issue is made.

Respondents cite and rely upon T.C.A. section 64-107, which is as follows:

In all estates, real and personal, held in joint tenancy, the part or share of any tenant dying shall not descend or go to the surviving tenant or tenants, but shall descend or be vested in the heirs, executors, or administrators, respectively, of the tenant so dying, in the same manner as estates held by tenancy in common.

Under the holdings in *McLeroy v. McLeroy,* 163 Tenn. 124, 40 S.W.2d 1027 (1931); *Jones v. Jones,* 185 Tenn. 586, 206 S.W.2d 801 (1947); and *Runions v. Runions,* 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242 (1948),

we do not think the statute (64-107) is applicable to the case at bar.

In *McLeroy v. McLeroy,* supra, the holdings of this Court in regard to T.C.A. section 64-107 is that where an instrument creates an estate in joint tenancy, nothing else appearing, the right of survivorship as an incident thereto is abolished by the statute; but where the instrument by express words or necessary implication manifests an intention to create an estate with a right of survivorship, then this statute has no application.

In *Jones v. Jones,* supra, this Court, citing *McLeroy v. McLeroy,* supra, and Tiffany, Real Property (3d ed) Volume 2, Section 418, stated:

It is true at common law where the attributes of a technical joint tenancy resulted by operation of law, and not necessarily from the expressed intent of the parties, the unities of time, title, interest, and possession must have been present in order that the special estate be created. By section 7604 of Williams' Code the most important characteristic of joint tenancy—survivorship—has been abolished in this State, but under our holdings the statute does not abridge the right of the owner of property to expressly provide for survivorship by deed. Survivorship must now result from the terms of the grant rather than by operation of law.

Since the enactment of the Code section above referred to, the common-law unities requisite to joint tenancy have become academic as applied to that estate, a tenancy in common resulting if no contrary intent is expressed, whether or not the unities are present. When the intent to establish an estate by survivorship

is clear, the existence or nonexistence of the unities becomes immaterial upon the idea that the rule fails where the reason fails. 185 Tenn. at 591, 206 S.W.2d at 803.

In *Runions v. Runions,* supra, the husband by deed conveyed a one-half undivided interest in a tract of land to his wife. The deed contained the following language: "It is intended to convey the property herein described so that we hold the same as tenants by the entirety."

Upon the death of the husband the issue was made as to the extent of the ownership of the wife (widow) under this deed. This Court found this deed created neither a common law joint tenancy nor a tenancy by the entirety since the four unities of interest, time, title and possession were not present, but did create a tenancy in common since such required only a unity of possession. The issue then was whether this deed creating a tenancy in common either by express words or necessary implication manifested an intention to create an estate with the right of survivorship. The Court held under the language in the deed copied above in this opinion the grantor manifested a clear intention to create a right of survivorship, which annexed to a tenancy in common violates no rule or statute or common law. It should be noted that the deed in the *Runions* case was executed and delivered prior to the enactment of T.C.A. section 64-109, allowing direct conveyances between husband and wife to create tenancies by the entireties.

Under the three cases first above cited it is clear T.C.A. section 64-107 has no application where the instrument creating the estate either by express language

or necessary implication manifests an intention to create a right of survivorship.

In the case at bar the decision will turn upon the construction of the language of the Will to determine if the testatrix either by express language or necessary implication manifests an intention to create a right of survivorship. The basic canon of will construction is stated in *Hamilton National Bank v. Touriansky*, 197 Tenn. 245, 271 S.W.2d 1, (1954), as follows:

The settled rule is that the intention of the testator, as gathered from the language of the will, must be given effect if it can be done without contravening some rule of property or some fixed rule of law or public policy.

The item of the Will above copied contains two sentences. Under the first sentence it is clear that the testatrix devised her estate jointly and equally to her brother and sister. It is immaterial whether the language of this first sentence be construed to create a joint tenancy or a tenancy in common since the result is the same. The testatrix can, by express language or by necessary implication, create in the property devised a right of survivorship which brings us to the difficult language of the second sentence.

The language used in the second sentence ''in case of death'' admittedly refers to the death of one of the devisees. The respondents insist the reference here to death of devisee means death during the life of the testatrix, and the gift over by survivorship would only take effect upon such occurrence.

We think the intention of the testatrix expressed by the language of this second sentence can be determined

by asking one question: Upon the death of a devisee just what property will the surviving devisee take? The testatrix answered this question by stating a survivor will "take the one-half of which the deceased may be the owner at the time of the death of the one so dying." This language negates the testatrix was referring to the death of a devisee during her lifetime. A deceased devisee would not be the owner of any of this property during the lifetime of the testatrix. In order to give effect to this language used by the testatrix as we are required to do, the language by necessary implication requires a construction that testatrix intended to create a right of survivorship between the two devisees and we so hold.

The judgment of the Court of Appeals is reversed and the cause remanded to the Chancery Court of Benton County for further orders or proceedings made necessary by this opinion.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.