IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 17, 2023 Session

**IN RE ESTATE OF THOMAS LEE GRIFFIN**

**Appeal from the Probate Court for Shelby County**
**No. PR-03748      Joe Townsend, Judge**

———————————————————

**No. W2023-00508-COA-R3-CV**

———————————————————

This appeal arises from a petition for declaratory judgment concerning a quit claim deed. By the quit claim deed, the grantor, now deceased, conveyed to the respondent an undivided one-half interest in the property. Following the property description and derivation clause, the deed expressly provided that it was the intention of the grantor and the grantee to create a joint tenancy with a right of survivorship. The respondent filed a motion for summary judgment, asserting that the survivorship language in the deed was sufficient to create a right of survivorship in the respondent. The trial court entered an order denying the respondent's motion for summary judgment and granting the petition for declaratory judgment in favor of the petitioner. The respondent appealed. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the appellant, David Steven Griffin, Sr.

Edward T. Autry and R. Scott Vincent, Memphis, Tennessee, for the appellee, Mark E Griffin.

**OPINION**

**I. FACTS & PROCEDURAL HISTORY**

In June 1992, Thomas L. Griffin ("Decedent") purchased and took title by warranty deed to real property ("the Property") located in Arlington, Tennessee. In May 1998, Decedent executed a quit claim deed to his son, David Steven Griffin, Sr. ("Respondent").

The deed was completed on a printed form with the information typewritten onto blank lines and read, in relevant part:

> KNOW ALL MEN BY THESE PRESENTS, That the undersigned, Grantor herein, for and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS, do hereby bargain, sell, remise, release, quit claim and convey unto David Steven Griffin, Sr., an undivided one-half (1/2) ownership interest in and to the following described real estate located in [blank line], County of Shelby, State of Tennessee, to-wit:
>
> [Property Description]
>
> [Derivation Clause]
>
> It is the intention of Grantor and Grantee by this conveyance to create a joint tenancy with right of survivorship.

Decedent died intestate in May 2015 and was survived by his two sons, Mark E. Griffin ("Petitioner") and Respondent. In August 2017, Petitioner, who was also the administrator of Decedent's estate, filed a petition for declaratory judgment in the probate court, seeking a declaration as to the rights of the intestate heirs of Decedent in the Property. Petitioner argued that the quit claim deed did not include sufficient language to attach a right of survivorship to Respondent's interest, and thus, Decedent's estate and Respondent each owned an undivided one-half interest in the Property. In March 2018, Respondent filed a motion for summary judgment seeking dismissal of the petition for declaratory judgment with prejudice. Along with the motion, Respondent filed a statement of undisputed facts, to which Petitioner did not file a response.

In March 2023, the trial court held a hearing on Respondent's motion for summary judgment and on the petition for declaratory judgment.[1] The trial court denied Respondent's motion for summary judgment and granted the petition for declaratory judgment in favor of Petitioner. The trial court reasoned that because the statement of the intention of grantor and grantee to "create a joint tenancy with a right of survivorship" was located in the "advisement section"[2] of the deed instead of in the "grant section," the survivorship language could not convey an interest in the Property and could not create a joint tenancy with right of survivorship "where none was conveyed in the grant section . .

---

[1] The record on appeal does not include a transcript of this hearing.

[2] In its order, the trial court stated that "[a]n advisement section will often include notices that aid someone conducting title searches . . . ." The term "advisement section," as it relates to deeds, is not recognized by any case in Tennessee or any other jurisdiction in the United States. This term also does not appear in *Black's Law Dictionary*. It appears that the trial court was referring to the "derivation clause" of the deed, which "gives information about the source of the grantor's title." *Bryant v. Bryant*, 522 S.W.3d 392, 398 (Tenn. 2017).

. . ." Thus, the court found that the quit claim deed executed by Decedent did not create a joint tenancy with right of survivorship but instead granted to Respondent an undivided one-half ownership interest as a tenant in common without a right of survivorship. The trial court further found that the remaining undivided one-half ownership interest vested immediately in both Respondent and Petitioner upon Decedent's death. Respondent subsequently appealed.

## II. ISSUES PRESENTED

Respondent presents the following issues for review on appeal, which we have slightly restated:

1. Whether the trial court erred by denying Respondent's motion for summary judgment and by granting the petition for declaratory judgment in favor of Petitioner;
2. Whether the quit claim deed created a tenancy in common between grantor and grantee under Tennessee Law and contained language sufficient as a matter of law to attach a right of survivorship to the tenancy in common between grantor and grantee established by that deed.

For the following reasons, we reverse the decision of the trial court.

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. A trial court's decision to grant summary judgment is reviewed de novo with no presumption of correctness. *Falls v. Goins*, 673 S.W.3d 173, 178 (Tenn. 2023). On appeal, we must "make a fresh determination about whether the requirements of Rule 56 have been met." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 887 (Tenn. 2019) (citing *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 250 (Tenn. 2015)).

The interpretation of a deed is a question of law. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 466 (Tenn. 2012) (citing *Griffis v. Davidson Cnty. Metro. Gov't*, 164 S.W.3d 267, 274 (Tenn. 2005); *Mitchell v. Chance*, 149 S.W.3d 40, 45 (Tenn. Ct. App. 2004)). The proper standard of review for questions of law is de novo with no presumption of correctness. *Eberbach v. Eberbach*, 535 S.W.3d 467, 473 (Tenn. 2017) (citing *Barnes v. Barnes*, 193 S.W.3d 495, 498 (Tenn. 2006); *Taylor v. Fezell*, 158 S.W.3d 352, 357 (Tenn. 2005)).

## IV. DISCUSSION

- 3 -

We begin by addressing Respondent's second issue concerning whether he held a right of survivorship in the Property. In Tennessee, there are three basic forms of concurrent ownership in real property: tenancy by the entirety, joint tenancy, and tenancy in common. *Bryant*, 522 S.W.3d at 399. The Tennessee Supreme Court has described these as follows:

> A tenancy by the entirety is held exclusively by persons who are legally married. It is ancient in origin and remains firmly established in Tennessee. [*Griffin v. Prince*, 632 S.W.2d 532, 534-35 (Tenn. 1982)]; *see* Tenn. Code Ann. §§ 36-3-505, 31-1-108. Tenancy by the entirety is based on the concept that those who are married are not separate persons; rather, they "are but one person." *Tindell v. Tindell*, 37 S.W. 1105, 1106 (Tenn. Ch. App. 1896) (quoting *Den v. Hardenbergh*, 10 N.J.L. 42, 45 (1828)); *see Taul v. Campbell*, 15 Tenn. (7 Yer.) 319, 333 (1835) (noting that a husband and wife "take but one estate, as a corporation would take, being by the common law deemed but one person"). Consequently, co-tenants in a tenancy by the entirety do not hold their interest by moieties (by parts), they hold by the entirety: "Each is not seised of an undivided moiety, but both are ... seised of the whole. They are seised, not *per my et per tout* [by the half and by the whole], but solely and simply *per tout* [by the whole]." *Tindell*, 37 S.W. at 1106 (quoting *Den*, 10 N.J.L. at 45).

> When property is held in a tenancy by the entirety, upon the death of one spouse, the survivor continues to own the whole in fee simple. Technically, then, the surviving spouse does not acquire the fee simple interest through a right of survivorship; the survivor "enjoys the whole [after the death of the other spouse], ... not because any new or further estate or interest becomes vested, but because of the original conveyance, and of the same estate and same quantity of estate as at the time the conveyance was perfected." *Id.* (quoting *Den*, 10 N.J.L. at 45) (explaining that "[b]etween husband and wife, the *jus accrescendi* [right of survivorship] does not exist"); *see Cole Mfg. Co. v. Collier*, 95 Tenn. 115, 31 S.W. 1000, 1001 (1895); *Moore v. Cole*, 200 Tenn. 43, 289 S.W.2d 695, 698 (1956); *Taul*, 15 Tenn. (7 Yer.) at 336-37.

> At common law, the primary difference between holding in joint tenancy and tenancy in common is that joint tenancy includes a right of survivorship between the co-tenants by operation of law, whereas tenancy in common does not. *See* [*Peebles v. Peebles*, 443 S.W.2d 469, 470 (Tenn. 1969)]; [*Bunch v. Bunch*, No. 02A01-9705-CH-00106, 1998 WL 46217, at *1 (Tenn. Ct. App. Jan. 8, 1998).] While a tenancy by the entirety can consist only of two persons seized of one estate, both joint tenancy and tenancy in common "impl[y] a plurality of persons" and "each of the owners has an undivided moiety, or other proportional part, of the whole premises." *Tindell*, 37 S.W.

- 4 -

at 1106 (quoting *Den*, 10 N.J.L. at 45); *see Taul*, 15 Tenn. (7 Yer.) at 336 (citation omitted) (noting that, unlike a tenancy by the entirety, "[t]he estate of joint tenants is [a] unit, made up of divisible parts subsisting in different natural persons").

"Tenants in common are jointly seized of the whole estate, each having an equal right of entry and possession . . . ." *Moore v. Cole*, 200 Tenn. 43, 289 S.W.2d 695, 697 (1956). Right of survivorship is not an incident of tenancy in common; however, the grantor may include in the instrument of conveyance express language attaching a right of survivorship to the tenancy in common. *See* [*Runions v. Runions*, 207 S.W.2d 1016, 1017 (Tenn. 1948).] ("Even a tenancy in common may have a right of survivorship attached to it if the grantor expresses an intention that it shall be so." (quoting *Mitchell v. Frederick*, 166 Md. 42, 170 A. 733, 735-36 (1934))).

*Id.* at 400-01 (footnotes omitted). Although at common law a joint tenancy included a survivorship interest by operation of law, under Tennessee law both joint tenancies and tenancies in common do not include an incidental right of survivorship. *Id.* at 403-404; *see* Tenn. Code Ann. § 66-1-107. Because a right of survivorship is not incidental to a tenancy in common or a joint tenancy, "any survivorship interest in a transfer of concurrent ownership must 'result from the terms of the grant rather than by operation of law.'" *Bryant*, 522 S.W.3d at 404 (quoting *Peebles*, 443 S.W.2d at 470). Thus, "if parties seek to include a right of survivorship in either a joint tenancy or a tenancy in common, they must do so by including clear language to that effect in the granting instrument." *Id.*

On appeal, Respondent argues that the survivorship language in the quit claim deed was sufficient to attach a right of survivorship to the tenancy in common.[3] To support his argument, Respondent relies on, among other cases, the Tennessee Supreme Court's decision in *Runions v. Runions*, 207 S.W.2d 1016 (Tenn. 1948). In *Runions*, a husband acquired ownership of real property, and he subsequently conveyed by deed a "one-half undivided interest" in the property to his wife and "her heirs and assigns." *Id.* at 1016-17.

---

[3] In his appellate briefs, Respondent at times refers to the interest held by Decedent and Respondent as a joint tenancy. At common law, whether a conveyance created a joint tenancy or tenancy in common depended on whether the four unities of interest, title, time, and possession existed at the time of conveyance. *Bryant*, 522 S.W.3d at 399 (citing *Bennett v. Hutchens*, 179 S.W. 629, 631 (Tenn. 1915)). However, the Tennessee Supreme Court has stated that "[t]he abolition of the incidental survivorship interest in joint tenancies rendered the four unities irrelevant to the question of whether a conveyance creates a joint tenancy or a tenancy in common." *Id.* at 404. Furthermore, "[b]ecause joint tenancies no longer include a survivorship interest by operation of law, both joint tenants and tenants in common have essentially the same rights, which are the 'right to use, to exclude, and to enjoy a share of the property's income.'" *Id.* (quoting *United States v. Craft*, 535 U.S. 274, 280 (2002)). Thus, an express right of survivorship can be included in either a joint tenancy or a tenancy in common. *Id.* Regardless, in their briefs, both Petitioner and Respondent argue that the quit claim deed created a tenancy in common, and neither party challenges the trial court's finding that the deed created a tenancy in common.

Following the property description but preceding the habendum clause,[4] the deed included the following language: "[i]t is intended to convey the property herein described so that we will hold the same as tenants by the entirety." *Id.* at 1017. The husband subsequently died and was survived by his wife and his son from a previous marriage. *Id.* The wife filed suit against the son to determine the extent of her ownership in the property. *Id.* The trial court held that the wife owned only a one-half undivided interest in the property and dower rights in the remaining one-half. *Id.* The wife appealed, arguing that she was the sole owner of the property by reason of the husband's deed. *Id.* The Court determined that the deed did not create a tenancy by the entirety or a joint tenancy between the husband and wife because the four unities of interest, time, title, and possession did not coincide. *Id.* Therefore, the deed created a tenancy in common because it only required unity of possession. *Id.* The Court then examined whether the deed showed upon its face an intention of the husband to create a right of survivorship in his wife. *Id.* The Court stated:

> The intention of Mr. Runions to create this estate of survivorship is clearly established by the provision which he inserted in the deed that he and his wife were to hold the land 'as tenants by the entirety'. This intention violates no rule of statute or common law. The right of survivorship may be annexed to an estate in common created by deed. Since, 'under recognized rules of construction the conveyance should operate, as nearly as possible, to produce the effect intended by the parties' as shown upon the face of the deed, we accordingly hold both on principle and on the authorities referred to that by reason of this deed and by reason of the fact that Mrs. Runions survived her husband she became the sole owner of the property described in that deed.

Id. at 1019. Therefore, the Court reversed the decree of the chancery court. *Id.*

Petitioner attempts to distinguish the present case from *Runions,* arguing that the subject parties and the parties in *Runions* are "extraordinarily dissimilar from this case in very material ways." Specifically, Petitioner points out that, unlike the deed in *Runions*, the quit claim deed here "was not between a husband and a wife, was not for tenants by the entirety, and was not to their heirs." While we recognize that these differences exist, we cannot agree with Petitioner's characterization of these differences as material. The fact that the deed in *Runions* was between a husband and wife was ultimately irrelevant to the determination that a survivorship interest was attached to the conveyance because the Court held that a tenancy in common, which can be concurrently held by persons who are not married to each other, was created rather than a tenancy by the entirety. *See id.* at 1017. Because the Court held that a tenancy by the entirety was not created, the tenancy by the entirety was not necessary for a right of survivorship to attach. *See id.* Instead, the Court

---

[4] The habendum clause is "[t]he part of an instrument, such as a deed or will, that defines the extent of the interest being granted and any conditions affecting the grant." *Black's Law Dictionary* (11th ed. 2019). "The introductory words to the clause are ordinarily *to have and to hold*." *Id.*

held that the deed, by including the statement that it was intended to create a tenancy by the entirety, revealed the husband's purpose of "creating the right of survivorship to the whole of this property in his wife if he predeceased her." *Id.* at 1018 ("Specifying tenancy by the entirety is the full equivalent of declaring in so many words that there shall be a right of survivorship."). Finally, the fact that the husband conveyed a one-half undivided interest in the property to his wife and "her heirs and assigns," played no part in the Court's determination that the husband intended to attach a right of survivorship. *See id.* Therefore, despite these differences, we find the Tennessee Supreme Court's decision in *Runions* to be highly instructive and controlling in this appeal.

In the case at bar, with the language stating that "[i]t is the intention of Grantor and Grantee by this conveyance to create a joint tenancy with right of survivorship[,]" the deed clearly reveals that Decedent intended to create a right of survivorship in Respondent. *See Runions*, 207 S.W.2d at 1018 ("The language could have no other meaning."). As such, the deed contained sufficient language to attach a right of survivorship in Respondent to the Property. *See id.* at 1019; *Bryant*, 522 S.W.3d at 412-413 (concluding a quit claim deed conveying property to a decedent's son and herself "for the purpose of creating a joint tenancy with right of survivorship" was sufficient to attach an express right of survivorship); *Griffis*, 164 S.W.3d at 274 (citing *Collins v. Smithson*, 585 S.W.2d 598, 603 (Tenn. 1979); *Bennett v. Langham*, 383 S.W.2d 16, 18 (Tenn. 1964)) ("In construing a deed, our primary task is to ascertain the grantor's intent from the words of the deed as a whole and from the surrounding circumstances."). Thus, by his right of survivorship, Respondent became the sole owner of the Property at Decedent's death. *See Runions*, 207 S.W.2d at 1019 ("[B]y reason of this deed and by reason of the fact that Mrs. Runions survived her husband she became the sole owner of the property described in that deed.").

Reaching the opposite conclusion, the trial court stated the following in its order:

> The statement of intention by Thomas Griffin in the advisement section cannot convey an interest in property, nor can it create a joint tenancy with right of survivorship where none was conveyed in the grant section; that is the purpose of the grant section of a deed and not the advisement section. The primary goal of the Court is to ascertain the grantor's intent, but the pursuit of this goal does not require this Court to abandon other property law principles to achieve the goal.

We respectfully disagree with the trial court's conclusion. "In construing a deed, a court's primary goal 'is to ascertain the parties intent from the words of the deed *as a whole* and from the surrounding circumstances.'"[5] *Bryant*, 522 S.W.3d at 412 (emphasis added)

---

[5] Here, no evidence was introduced in the trial court regarding the "surrounding circumstances" of the quit claim deed. Therefore, "we must attempt to ascertain the grantor['s] intent solely based on the language of the deed." *KT Grp., LLC v. Lowe*, 578 S.W.3d 1, 5 (Tenn. Ct. App. 2018).

(quoting *Griffis*, 164 S.W.3d at 274). "The true rule is look to the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties, and not to permit antique technicalities to override such intention." *Dalton v. Eller*, 284 S.W. 68, 70 (Tenn. 1926) (quoting *Fogarty v. Stack*, 8 S.W. 846, 847 (Tenn. 1888)); *see Pryor v. Richardson*, 37 S.W.2d 114, 114 (Tenn. 1931) ("Technical rules in the construction of conveyances in this state have been abandoned, and, where possible, the intention of the grantor, as ascertained from a consideration of the entire instrument, is given effect."). Accordingly, the location of the survivorship language in the quit claim deed is largely irrelevant to determining whether the language is sufficient to attach a right of survivorship to the tenancy in common.[6]

We likewise cannot agree with Petitioner's argument that Decedent did not intend to convey his full interest in the Property as joint tenants with right of survivorship because he conveyed an undivided one-half interest to Respondent and did not convey the entire property to Respondent and himself. Although we recognize that the grantor in *Bryant* conveyed the property to herself and to the grantee as joint tenants, there is no indication in *Bryant* that such a conveyance is required in order to attach a right of survivorship to the full interest. *See Bryant*, 522 S.W.3d at 396. Likewise, the husband in *Runions* did not convey the property to himself and his wife, but our Supreme Court nevertheless held that the husband clearly intended to create a right of survivorship in his wife, with the result that the wife became the sole owner of the property at the husband's death. *See Runions*, 207 S.W.2d at 1017, 1019. Therefore, Decedent was not required to convey the Property to himself and Respondent to create a right of survivorship in Respondent.

Petitioner further contends that "a court cannot divest a [g]rantor of more title to his or her land than he or she has taken clear and unmistakable affirmative acts to divest himself or herself of." To support this argument, Petitioner solely relies on *Morgan v. Champion Roofing & Remodeling*, No. W2002-01941-COA-R3-CV, 2003 WL 21756699 (Tenn. Ct. App. July 29, 2003). In *Morgan*, we stated that evidence of a "clear and unmistakable affirmative act indicating a purpose to repudiate ownership" had been

---

[6] Although the general rule is that a court looks to the deed as a whole and surrounding circumstances to ascertain a grantor's intent, "where the deed is so confused and contradictory in its wording, and where the surrounding circumstances held no light upon the intent of the grantor, then the courts must, as a last resort, rely upon the common law rule which places precedence upon the premises [granting clause] over the habendum clause." *KT Grp., LLC*, 578 S.W.3d at 4 (quoting *Bennett*, 383 S.W.2d at 20). In *Bennett*, the grantor conveyed by deed a life estate in real property to the grantee. *Bennett*, 383 S.W.2d at 17. The deed, however, included a sentence following the property description stating that it was the "purpose and intent of this conveyance to make this property as if [the grantor and grantee] had jointly bought it during [their] marriage." *Id.* The Tennessee Supreme Court applied this "last resort" rule to resolve the conflict in the deed and held that the grantor conveyed a life estate. *Id.* at 20. Here, because a right of survivorship may be expressly provided for in a conveyance of a joint tenancy or a tenancy in common, there is no contradiction between Decedent's conveyance of an undivided one-half interest in the Property and the stated intention to create a joint tenancy with right of survivorship. *See Bryant*, 522 S.W.3d at 404. Therefore, we find this "last resort" rule to be inapplicable.

required by courts in cases involving the *abandonment* of an owner's interest in realty. *Id.* at \*8. Petitioner cites no authority that requires a "clear and unmistakable affirmative act" to grant a right of survivorship in a deed. Rather, the previously discussed case law establishes that a grantor may convey a right of survivorship by "clear language to that effect in the granting instrument." *Bryant*, 522 S.W.3d at 404. Thus, we find this argument unconvincing.

Having determined that the language in the quit claim deed was sufficient to create a right of survivorship, we now address Respondent's first issue regarding whether the trial court erred in denying his motion for summary judgment and granting the petition for declaratory judgment in favor of Petitioner. It is undisputed that Decedent executed the quit claim deed at issue and that the quit claim deed included the statement that "[i]t is the intention of Grantor and Grantee by this conveyance to create a joint tenancy with right of survivorship." As previously discussed, because Respondent held a right of survivorship in the Property, Respondent became sole owner of the Property upon the death of Decedent. For this reason, Respondent was entitled to judgment as a matter of law in his favor. *See* Tenn. R. Civ. P. 56.04. Thus, the trial court erred in both denying Respondent's motion for summary judgment and granting the petition for declaratory judgment in favor of Petitioner. We therefore reverse the trial court's orders and grant Respondent's motion for summary judgment.

## V. CONCLUSION

For the aforementioned reasons, we reverse the decision of the probate court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellee, Mark E. Griffin, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE